JAMES DUNN *v.* STATE OF INDIANA.

[No. 1-174A16. Filed September 30, 1974.]

*Robert R. Riggle,* of Jeffersonville, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Dunn was tried by jury and convicted of commission of a felony (robbery) while armed and aiming a weapon, being IC 1971, 35-12-1-1, Ind. Ann. Stat. § 10-4709 (Burns Supp. 1974) and IC 1971, 35-1-79-5, Ind. Ann. Stat. § 10-4708 (Burns Supp. 1974). His appeal presents the following issues for review:

1. Whether his conviction is supported by sufficient evidence.
2. Whether the trial court erred in denying his request to ask preliminary questions of the prosecuting witness prior to the witness' in-court identification.

The facts most favorable to the State are:

Edward W. Cassady, Sr., a septaugenarian, was fishing on Muskrat Creek at Clarksville when a stranger approached. A conversation ensued during which the stranger identified himself as James Dunn. Included in the conversation was a discussion of an industrial accident which had resulted in the loss of fingers on one of Dunn's hands. After further conversation, Dunn announced that he had to leave.

Cassady continued to fish, but soon was disturbed by a "rustling noise", marking Dunn's return. Cassady described what he saw when he turned around as follows:

". . . I couldn't believe my eyes. He set [sic] there with a rifle pointed straight at me, and I called to him and I said Oh, my, turn that thing away, that thing is dangerous, even when they are empty. I couldn't imagine it being anything but a horrible joke of some kind that he was

playing on me. He shook his head and said no, he said I want your billfold."

After an unsuccessful attempt to convince Dunn that pensioners do not make lucrative victims, Cassady reeled in his lines and began to walk up a hill toward a highway. A struggle ensued, and Cassady was felled by a blow to the back of his head inflicted with the butt of a rifle. On the ground, Cassady was repeatedly jabbed in the back of his head with the gun but failed to lose consciousness, according to his account. He further testified that he felt Dunn remove his billfold from his hip pocket. A final wound was inflicted when Cassady was shot in the cheek.

When police arrived at the scene, Cassady identified his assailant as James Dunn and stated that he had some fingers missing.

At the hospital, Cassady selected defendant-appellant Dunn from a group of "at least four" mug shots as the perpetrator.

Two other witnesses testified that while on the road above Muskrat Creek, they saw Dunn standing over a person pointing a gun at him.

Dunn admitted having a conversation with Cassady while the latter was fishing, but denied returning to do him any harm. Dunn also admitted borrowing a rifle from a friend but stated that it had been stolen from his automobile.

## ISSUE I.

The affidavit charged Dunn with the commission of a felony (robbery) while armed with a rifle. The elements of robbery are (1) an unlawful taking (2) from the person of another (3) of any article of value (4) by violence or putting in fear. *Mickens* v. *State* (1972), 155 Ind. App. 47, 290 N.E.2d 758.

The testimony of Cassady clearly provides a sufficient basis for a finding upon each element of the crime of robbery. Similarly, that testimony establishes that Dunn perpetrated

the robbery while armed with a dangerous or deadly weapon, the second element required for conviction under IC 1971, 25-12-1-1, *supra*.

In *Douglas* v. *State* (1970), 254 Ind. 517, 261 N.E.2d 567, our Supreme Court held that a conviction of commission of a felony while armed may be sustained on the uncorroborated testimony of the victim. Cassady's testimony is clearly sufficient to sustain Dunn's conviction.

Likewise, Cassady's testimony is sufficient to sustain Dunn's conviction of aiming a gun under IC 1971, 35-1-79-5, *supra*. Moreover, the fact that Cassady was shot in the cheek further verifies the aiming of the gun at him. See, *Thomas* v. *State* (1973), 260 Ind. 604, 298 N.E.2d 425.

We therefore conclude that the evidence is sufficient to sustain Dunn's conviction under both counts of the affidavit. Similarly, the above analysis disposes of appellant's contention that the trial court erred in refusing to direct a verdict for defendant as to each count of the affidavit.

Dunn next contends that the jury's verdict is contrary to law. Specifically, he argues that a conviction of commission of a felony (robbery) while armed must be preceded by a charge and finding of commission of the offense of robbery. This contention was resolved in a manner adverse to appellant in *Moore* v. *State* (1972), 257 Ind. 715, 276 N.E.2d 840.

### ISSUE 2.

Dunn next contends that the trial court erred in denying his request to ask preliminary questions of Cassady prior to his in-court identification of Dunn. We are unable to see the merit in this contention.

Initially, we note that Dunn allowed the identification to occur prior to interposing his request:

"Q. Now Mr. Cassidy, I want to ask you a question. Now is the person that you saw at Muskrat Creek, the

person that you say struck you with a rifle six or eight times, and then shot you, is he present in this Court Room sir?

A. Yes, that's Mr. Dunn setting right over there.

Q. Is that the gentleman seated beside Mr. Riggle?

A. Yes.

Q. And you are absolutely positive Mr. Cassidy?

A. Absolutely, and if you want more proof ask him to hold up that left hand.

MR. RIGGLE: Your Honor, at this point I want to object to any more questions along these lines, and I would like to have the opportunity to voir dire Mr. Cassidy with regard to his identification out of the presence of the Jury please."

Appellant has wholly failed to demonstrate that any pre-trial identification procedure to which the witness was subjected was impermissively suggestive. Further, it is clear that under the totality of the circumstances the in-court identification was reliable. See, *Sawyer* v. *State* (1973), 260 Ind. 597, 298 N.E.2d 440. The opportunity afforded Cassady for observation of appellant was much greater and more relaxed initially than in the usual criminal encounter. Also, the distinguishing characteristic of appellant's hand significantly diminishes the possibility of misidentification.

Appellant also argues that the trial court erred in admitting over objection of counsel the in-court identification testimony of two other witnesses. The grounds of appellant's argument is that pre-trial identification procedures were impermissively suggestive since the witnesses were shown only a single photograph, that being of appellant. However, the record reveals no objection to the identification testimony of one of the witnesses, and the other witness denied being shown a photograph of appellant prior to trial.

Since appellant has failed to demonstrate reversible error at trial, his conviction is affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 316 N.E.2d 834.