LARRY WHEELER *v.* STATE OF INDIANA.

[No. 3-774A127. Filed January 2, 1975.]

*Anthony V. Luber,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

STATON, P.J.—Larry Wheeler, age twenty-four, waived trial by jury. The trial court found him guilty of robbery while armed and gave him a determinate sentence of ten (10) years. His appeal to this Court raises but one issue:[1]

Was there sufficient evidence to sustain the conviction?

We have reviewed the evidence most favorable to the State, and we conclude that there was sufficient evidence to sustain the conviction. We affirm.

## I.

### *Evidence*

Lillian Milnes, an employee of the Kreamo Thrift Shop in South Bend, Indiana, was sitting all alone by the window when she saw the figure of a man outside coming toward the bakery shop. She recognized him as the same man who had robbed her approximately a month ago when she was employed at the Taco Amego. The male figure moving toward the bakery shop door was a large, Negro man over six feet tall. He had a short Afro haircut and a large nose. As he came into the shop, he pointed a black, short-barreled gun at her and demanded money. She gave him about Fifty Dollars ($50.00) which he stuffed into his pocket. He then ran outside the shop toward an alleyway.

Lillian Milnes called the police and gave them a description of the man who had twice robbed her. Later, she identified a picture of Larry Wheeler. At the request of the police, Larry Wheeler voluntarily came down to police headquarters

---

1. By failing to object, Larry Wheeler waived his suggested issues on identification and the granting of a continuance to the State. *Bullitt* v. *State* (1974), 161 Ind. App. 444, 315 N.E.2d 747; *Ballard* v. *State* (1974), 162 Ind. 482, 318 N.E.2d 798. Our examination of the record does not disclose any prejudice to Wheeler or any abuse of discretion in granting the continuance to the State. The record discloses that Wheeler's counsel agreed to the continuance. *See Reed* v. *State* (1973), 157 Ind. App. 334, 300 N.E.2d 108; *Rowe* v. *State* (1973), 157 Ind. App. 283, 299 N.E.2d 852.

to be viewed. Lillian Milnes positively identified him at the police station as the man who had robbed her twice. Again in court, Lillian Milnes made an independent identification of Larry Wheeler.

## II.

### Conclusion

In reviewing the sufficiency of the evidence to support Wheeler's conviction, this Court may not weigh the evidence nor determine the credibility of the witnesses. We may only look to the evidence and reasonable inferences flowing therefrom which support the finding of the trial court. The conviction must be affirmed if there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Nicholas* v. *State* (1973), 261 Ind. 115, 300 N.E.2d 656; *Shank* v. *State* (1972), 154 Ind. App. 147, 289 N.E.2d 315.

The main thrust of Larry Wheeler's argument is that he had alibi witnesses. Their testimony was heard by the trial court, the trier of fact, and weighed. The credibility of these witnesses was found wanting by the trial court. The State does not have the duty to rebut this testimony. ". . . Alibi evidence is itself rebuttal evidence as to the State's evidence. The State is not required to rebut specifically such evidence if there is sufficient evidence otherwise to prove the crime as charged. . . ." *Cottingham* v. *State* (1973), 261 Ind. 346, 303 N.E.2d 268.

The trial court found Larry Wheeler guilty of robbery while armed. IC 1971, 35-12-1-1; Ind. Ann. Stat. § 10-4709 (Burns 1974 Supp.). All of the elements of robbery while armed are supported by sufficient evidence. While Lillian Milnes' testimony may be uncorroborated, it is still sufficient to sustain the conviction. *Dunn* v. *State* (1974), 161 Ind. App. 586, 316 N.E.2d 834.

We affirm.

Hoffman and Garrard, JJ., concur.