MARTIN BRADBERRY *v.* STATE OF INDIANA.

[No. 2-1073A229. Filed June 4, 1975.]

George T. Popcheff, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Robert F. Colker, Assistant Attorney General, for appellee.

PER CURIAM—Martin Bradberry, defendant, is appealing his conviction of commission of a felony (robbery) while armed,[1] for which he was sentenced to a determinate period of ten years in the Indiana Department of Correction.

We affirm.

The facts viewed most favorable to the State reveal that on May 29, 1972 at approximately 3:00 in the afternoon Officer Austin Zachary was traveling south on State Road 37 in Marion County in an unmarked police vehicle. At this time Zachary passed an individual driving a State-owned tractor also heading southward on State Road 37. Zachary testified that he decided to investigate since he felt it was rather late in the day for a highway crew to begin mowing operations at a new location. Zachary turned his vehicle around and stopped the individual who was now heading west on Thompson Road. After questioning the driver of the tractor, who identified himself as Wayne Martin, Zachary called Trooper Dwight Wilson for assistance.

Resuming his conversation with "Martin," Zachary then noticed a truck pulled off the road ahead with a second individual standing nearby. Zachary momentarily left "Martin" and proceeded to question the driver of the truck who identified himself as Harold Smith. "Martin", who had followed Zachary to the truck, then brandished a .22 pistol and forced Zachary to relinquish his police revolver.

After watching "Martin" and Smith fail in their attempt to load the tractor onto the truck, Zachary suggested that a wrecker might be available at a Texaco Station just north of Interstate 465. As Zachary and the two individuals accompanying him in his police car pulled into the Texaco Station,

---

1. IC 1971, 35-12-1-1, Ind. Ann. Stat. § 10-4709 (Burns Supp. 1974).

Officer Wilson approached from the other direction. After a short conversation, Zachary "bailed out" of his vehicle and yelled to Officer Wilson that the two men in his car were armed. Although Zachary was able to scramble away, Officer Wilson was immediately relieved of his police revolver and the two individuals then effectuated an escape in the commandeered marked and unmarked police cars.

That night, Zachary identified pictures of Smith and Bradberry as his two assailants. The pictures were introduced into evidence without objection.

On July 3, 1972, Smith and Martin Bradberry were stopped by the Louisiana State Police for speeding. A routine computer check of Smith's license revealed that he was a fugitive from Indiana. Both men were arrested and later extradited to Indiana to stand trial.

On June 2, 1972, defendant was charged by affidavit with commission of a felony while armed, to-wit: Robbery, (Count I), and Kidnapping, (Count II). Trial was held before a jury on April 2, 1973. Defendant was found guilty of Count I and acquitted of the kidnapping charge. (Count II)

The following issues have been preserved on appeal:[2]

   I. Whether defendant's motion to dismiss should have been granted since the requested transcript of the probable cause hearing was unavailable and since the extradition papers were not introduced into evidence.

  II. Whether the trial court abused its discretion by denying defendant's motion for a change of venue;

  III. Whether the court abused its discretion by denying defendant's motion for a continuance due to the State's presentation of two additional witnesses who were not on the original witness list;

  IV. Whether the court abused its discretion by denying defendant's motion for a mistrial; and,

---

2. Inasmuch as defendant was acquitted of kidnapping, alleged error based upon the trial court's refusal to give his tendered instruction No. 1 on kidnapping is patently frivolous. Since that part of defendant's argument concerning an instruction on circumstantial evidence is not supported by any authority, it is deemed waived. Ind. Rules of Procedure, AP. 8.3(A) (7).

V. Whether the evidence was sufficient to support the conviction of commission of a felony while armed, to-wit: Robbery.

I. Defendant first contends that his motion to dismiss should have been granted since he requested a transcript of the probable cause hearing but, due to a defect in the recording machine, the transcript was unavailable. Insofar as defendant has failed to present any authority to this portion of Issue I, it is deemed waived. AP. 8.3 (A) (7).

It is further contended in Issue I that the State lacked jurisdiction over defendant since the extradition papers were not filed with the trial court.

Jurisdiction of this particular case was conferred by the filing of the affidavit. *Treadwell* v. *State* (1972), 152 Ind. App. 289, 283 N.E.2d 397, 401. Since defendant has not attacked the sufficiency or legality of the charging affidavit, he cannot now claim that the trial court lacked jurisdiction to hear this matter.

Defendant's assertion that failure of the State to file the extradition papers deprived the court of personal jurisdiction is untenable. As stated in *Treadwell, supra,* p. 401:

"The fact that defendant is present in court is sufficient to give the court criminal jurisdiction of his person and how he got there has no bearing on jurisdiction although it may have other consequences." *Dickens* v. *State* (1970), 254 Ind. 388, 260 N.E.2d 578. See also: *Frisbie* v. *Collins* (1952), 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541; *United States* v. *Sherwood* (10th Cir., 1970) 435 F.2d 867; 22 C.J.S. Criminal Law, § 146, p. 391.

II. Defendant next contends that since he could not have been afforded a fair and impartial trial in Marion County, he should have had his motion for change of venue granted. Denial of said motion, it is argued, constitutes an abuse of discretion on the part of the trial court.

Indiana Rules of Criminal Procedure, CR. 12, provides in pertinent part that,

"Upon the filing of a properly verified application, a change of venue from the county shall be granted in all cases punishable by death and *may be granted* in all other cases when *in the court's discretion* cause for such change is shown to exist *after such hearing or upon such other proof as the court may require.*" (Emphasis added)

Although a hearing was held pursuant to CR. 12, defendant has failed to cause a transcript of that hearing to be included in the record on appeal. This Court, therefore, is deprived of any means by which to review the trial court's ruling on the motion for change of venue. It cannot be presumed that the trial court abused its discretion. *Hopper* v. *State* (1974), 161 Ind. App. 29, 314 N.E.2d 98; *Glenn* v. *State* (1973), 154 Ind. App. 474, 290 N.E.2d 103.

Additionally, defendant has proffered no supporting affidavits to substantiate his "inflammatory" criminal history which would cause him denial of a fair trial. *Glenn, supra.* A careful reading of the entire transcript reveals no indication that defendant did not receive a fair and impartial trial. No abuse of discretion has been shown.

III. Defendant asserts that the trial court abused its discretion by overruling his motion for a continuance when the State submitted an additional list of two witnesses prior to trial and subsequent to the filing of the original list on January 15, 1973.

The granting of a continuance on non-statutory grounds is within the discretion of the trial court. TR. 53.4. Denial of such a motion will not result in reversal absent a clear showing of abuse of discretion. *Stock* v. *State* (1974), 162 Ind. App. 461, 319 N.E.2d 871, 873; *Hopper, supra,* p. 103.

On April 2, 1973, defendant objected to the State calling as witnesses two Louisiana Police Officers, since they were not on the original list of witnesses. In overruling that motion, the court stated as follows:

COURT: "All right. In examining the case of *Bernard* v. *State,* at least in its theory, and in applying

the rules pronounced therein, I'm going to overrule your objection at this time and permit the police officers to testify provided the following conditions are met; number one, that Mr. Foutty in fact provides you with a complete copy of the report made by these two police officers which will be the substance of their testimony in this cause, provided that he furnish this copy to you yet today. Secondly, on the condition that you be given an opportunity to personally interview these two police officers before they testify, after which you will be permitted to again make an objection to the court, objecting to their testimony if you find good and sufficient reason to do so as a result of your interview of the two officers and as a result of your examination of their report. If I do not hear from you regarding such good and sufficient reason to exclude their testimony, I will permit them to testify. Have you any questions at this time?

The following colloquy reveals that the State complied with the court's order:

COURT: "Well, I think not. Mr. Barker, did you have an hour this morning to interview these police officers?

MR.
BARKER: Well, we had about a half hour, Judge. They were late getting here, but we talked it over.

COURT: Do you need more time to talk with the . . .
MR.
BARKER: No, I talked to them.

COURT: Did Mr. Foutty furnish you with a copy of the police officers' report, or statement on Monday evening as ordered by the court?

MR.
BARKER: Yes, he did.

COURT: Do you need any more time to talk to these police officers, Mr. Barker?

MR.
BARKER: No, sir, I don't think I do . . ."

In view of the trial court's conditions imposed on the State prior to admission of the testimony of the two witnesses, and

in view of the fact that defendant has failed to show in any way how he was harmed by the denial of his continuance, *King* v. *State* (1973), 260 Ind. 422, 296 N.E.2d 113, *Napier* v. *State* (1971), 255 Ind. 638, 266 N.E.2d 199; *Stock, supra,* it is concluded that there has not been indicated an abuse of discretion on the part of the trial court in denying defendant's motion for a continuance.

IV. Defendant argues that the trial court committed reversible error by not granting a mistrial after the State's witness, Detective Inlowe, mentioned a conversation with defendant in which defendant offered to turn "State's evidence". Defense counsel made a motion to strike such testimony which was sustained by the trial court. Defendant then made a motion for a mistrial based upon Detective Inlowe's statements. After overruling the motion, the court admonished the jury as follows:

> COURT: I will sustain the Defendant's motion to strike the Officer's answer. And further, strike any testimony relating to that answer, touching upon an alleged offer to turn State's evidence arising out of a conversation held between the Defendant and Officer Inlowe on Saturday, March 31, 1973. And further, Ladies and Gentlemen of the Jury, I now admonish you not to consider that testimony in any way, shape or form during your deliberations in arriving at a verdict. And I further ask the members of the jury if you will follow that . . . the Court's admonition. Is there anyone who cannot or will not follow the Court's admonition with reference to that testimony which has been stricken? All right. The record will show that no members of the Jury indicated that they could not or would not follow the Court's admonition and that they will totally disregard that testimony in arriving at their verdict. All right, Mr. Foutty, ask your next question."

In *Faust* v. *State* (1974), 162 Ind. App. 259, 319 N.E.2d 146, 149, this Court cited *Lynch* v. *State* (1974), 262 Ind. 360, 316 N.E.2d 372 for the general rule regarding a mistrial:

"Because of the wide variety of possible occurrences at a trial which may trigger motions for a mistrial on the part of a defendant our review of a trial court's decision on such matters must of necessity be grounded on the particular facts and situations of each case. *Martin & Thornton* v. *State* (1974), [262] Ind. [232], 314 N.E.2d 60; *White* v. *State* (1971), 257 Ind. 64, 272 N.E.2d 312. Moreover, since the trial judge who initially rules on such a mistrial motion is in a more advantageous position than an appellate court to accurately gauge the surrounding circumstances of the conduct and its probable impact on the jury we afford the trial court significant discretion and deference in its ruling. *Gregory* v. *State* (1972), [259] Ind. [295], 286 N.E.2d 666." See also: *Austin* v. *State* (1974), 262 Ind. 529, 319 N.E.2d 130, 133.

We are of the opinion that due to the language used by Detective Inlowe, the granting of defendant's motion to strike and the court's prompt admonition to the jury, the trial court committed no abuse of discretion by denying defendant his motion for a mistrial.

V. Finally, defendant contends that the evidence was insufficient to support a finding of guilty of the crime. Since defendant's argument is directed only to the identification of defendant, this Court's decision is limited thereto.

Positive identification by a witness to a crime is within the province of the trier of fact to weigh, both as to identification and credibility of the witness. *Hash* v. *State* (1973), 259 Ind. 683, 291 N.E.2d 367, 369; *Alexander* v. *State* (1973), 158 Ind. App. 698, 304 N.E. 2d 329, 332. Furthermore, identification of the defendant by an uncorroborated witness is sufficient to sustain a conviction, *Wheeler* v. *State* (1975), 163 Ind. App. 1, 321 N.E.2d 233, 234; *Douglas* v. *State* (1970), 254 Ind. 517, 261 N.E.2d 567; *Dunn* v. *State* (1974), 161 Ind. App. 586, 316 N.E.2d 834.

It is difficult to perceive how defendant can contend that the evidence was insufficient to identify him as the assailant when the testimony revealed that Officer Zachary had the opportunity to view defendant face to face in the light of the

afternoon for a prolonged length of time. Zachary also testified to the fact that he recognized defendant from a prior accident involving defendant in which Zachary was the investigating officer. Moreover, it is concluded that Officer Zachary had ample opportunity to observe defendant's countenance and his positive identification is sufficient to sustain the conviction.

Accordingly, we affirm.

NOTE.—Reported at 328 N.E.2d 472.