PARIS DAVIS *v.* STATE OF INDIANA.

[No. 3-875A176.  Filed April 26, 1976.]

*Walter J. Alvarez,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles M. Russell,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Paris Davis has taken this appeal following his conviction of the offense of robbery as defined in IC 1971, 35-13-4-6 (Burns Code Ed.) :

---

2.  Although not directly applicable to the question presented here, consider Ind. Rules of Procedure, Trial Rule 30 (G).

"Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten [10] years nor more than twenty-five [25] years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period. * * *."

An examination of the evidence most favorable to appellee State of Indiana discloses that at approximately 9:30 P.M. on the evening of November 29, 1974, Mrs. Marlynn Allred exited from her automobile in the parking lot of the "Thrifty Mart" in the City of Gary, Indiana. She testified that upon reaching the rear of her automobile a man, whom she later identified as appellant Davis, approached her and "swung [her] around." She stated: "I was in [a] daze like and he was trying to grab my purse. * * * He kept pulling on my purse and I was pulling the other way." Mrs. Ruby Blosl, who was in the company of Mrs. Allred at the time, attempted to assist her by pulling on appellant's jacket. After the struggle had continued for approximately five minutes, appellant finally succeeded in wrestling the purse from Mrs. Allred and fled "between some cars." Mrs. Blosl pursued and intercepted appellant. A second struggle ensued during which appellant struck Mrs. Blosl with his shoe. Thereafter, she testified, "he sat down on the bumper of the car, put his shoe back on and took off running." Appellant was observed entering the rear of a white automobile which was leaving the parking lot.

Officer John Pantinas of the Gary Police Department testified that upon entering the Thrifty Mart parking lot on the night in question he observed a struggle between a man and a woman and "heard some screams." He further testified: "At this time I pulled up about ten * more feet, jumped out of the car started running towards the scene and I pulled my gun and ordered the defendant to freeze. I ordered the subject to freeze, and at which time he broke and ran on me." Officer Pantinas was in pursuit of appellant as he entered a "black over white Ford * * * on the passenger side in the rear." The officer noticed that "there were two * subjects in the front

seat." Pantinas returned to his own automobile and gave chase as the automobile occupied by appellant left the parking lot. With the assistance of other police vehicles, the officer, who testified that he never lost sight of the suspect automobile, eventually succeeded in causing it to stop some distance from the scene of the crime. Appellant was removed from the rear seat of the automobile and two other individuals were removed from the front seat.

Appellant contends that his conviction of the offense of robbery is not supported by sufficient evidence.

It must be concluded, however, that the evidence contained in the record fully establishes the essential elements of the crime. *See, Dunn* v. *State* (1974), 161 Ind.App. 586, 316 N.E. 2d 834.

Appellant also contends that the trial court erred in admitting over objection the testimony of Mrs. Blosl regarding the incident in which appellant struck her with his shoe.

It is to be noted that testimony by Mrs. Allred as to the same factual circumstances was received without objection. It must be concluded, therefore, that any error occasioned by the admission of such testimony on the part of Mrs. Blosl was waived. *Boles v. State* (1973), 259 Ind. 661, 291 N.E. 2d 357.

Appellant finally contends that the Indiana robbery statute, IC 1971, 35-13-4-6, *supra,* is unconstitutional for the reason that it violates the requirement that all penalties shall be proportioned to the nature of the offense committed.

Such contention is not, however, contained in appellant's motion to correct errors. Accordingly it must be deemed to have been waived on appeal. Ind. Rules of Procedure, Trial Rule 59(G).

No reversible error having been shown, the judgment of conviction from which this appeal has been taken is affirmed.

Affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 345 N.E.2d 857.