Carlos Rafael JOHNSON, Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee–
Plaintiff Below.

No. 45A03–9110–CR–318.

Court of Appeals of Indiana,
Third District.

Feb. 26, 1992.

Scott L. King, Appellate Public Defender, Crown Point, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

Carlos Rafael Johnson appeals his conviction for rape, a Class B felony, raising two issues for our review:

I. Whether the trial court erred in admitting certain testimony over Johnson's hearsay objection.

II. Whether the evidence was sufficient to support the conviction.

We affirm.

## I.

### *Hearsay*

Johnson argues that the trial court erred in permitting the victim's friend to testify as to what the victim had told her about the incident. Johnson argues that he preserved his hearsay objection on the same basis as did the defendant in *Modesitt v. State* (1991), Ind., 578 N.E.2d 649. While he acknowledges that opinion expressly stated it was to have prospective application, he argues that since his objection was similar in nature to that raised at trial in *Modesitt*, he should be entitled to a similar result.

The jury trial in this case was concluded on June 6, 1991, three months before *Modesitt* was decided. Our supreme court unequivocally set out the prospective nature of its opinion. *Modesitt, supra*, at 654. *See also Gray v. State* (1991), Ind., 579 N.E.2d 605, 608. We are bound to follow our supreme court's mandate.

The record reveals that the victim was the first witness to testify, and she testified that she had told her friend of the incident. She was cross-examined regarding the statement made to her friend, and her friend later took the stand and testified as to the statement. The victim was present in court and available for cross-examination during the friend's testimony. Thus, the statement was admissible under the hearsay exception enunciated in *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482. *See also Traver v. State* (1991), Ind., 568 N.E.2d 1009, 1011–1012.

## II.

### *Sufficiency of the Evidence*

At trial, Johnson took the stand and admitted that he had had sexual intercourse with the victim on the date in question, but claimed that it was consensual. On appeal, Johnson argues that the evidence is insufficient to establish that he used force or the threat of imminent use of force as required for Class B felony rape. Ind.Code 35–42–4–1. In reviewing the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Rather, we consider only the evidence most favorable to the State and any reasonable inferences to be drawn therefrom, to see if there is substantial evidence of probative value to support the verdict. *Fleming v. State* (1991), Ind., 579 N.E.2d 73, 74.

Here, the victim testified that Johnson grabbed her around the neck and dragged her to her bedroom, where he pinned her down and forced her to submit to sexual intercourse. A rape conviction may be sustained solely on the basis of the uncorroborated testimony of the victim. *Ford v. State* (1990), Ind., 555 N.E.2d 829, 832. Johnson points out that a medical examination of the victim after the incident revealed no evidence of trauma on her neck, and she did not report the incident until sixteen hours after it happened. Johnson's allegations are merely an attack on the victim's credibility, which we may not address on appeal. The jury was entitled to accept the victim's testimony, despite the lack of supporting medical evidence. *Wesby v. State* (1990), Ind., 550 N.E.2d 321, 323.

Affirmed.

GARRARD and BAKER, JJ., concur.