Carl BUTCHER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 53A01–9303–CR–67.

Court of Appeals of Indiana,
First District.

Jan. 27, 1994.

Rehearing Denied March 23, 1994.

Clarence C. Frank, Deputy Public Defender, Bloomington, for appellant-defendant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

NAJAM, Judge.

## STATEMENT OF THE CASE

Carl Butcher appeals from his conviction for Attempted Child Molesting,[1] a Class C felony. Butcher was charged by information with one count of child molesting as a Class C felony and one count of child molesting as a Class D felony. Before the case was submitted to the jury, the trial court granted Butcher's motion for judgment on the evidence on the Class C child molesting count, but then instructed the jury on attempted child molesting as a Class C felony. The jury returned a guilty verdict on both counts, and Butcher appeals.

We affirm.

## ISSUES

We restate the issues presented for review as follows:

1. Whether evidence of Butcher's depraved sexual instinct was admitted in violation of *Lannan v. State.*

2. Whether the trial court erred in giving a jury instruction for attempted child molesting and instructions concerning the victim's testimony.

3. Whether the evidence was sufficient to support Butcher's conviction for attempted child molesting.

## FACTS

In the late summer of 1991, Butcher entered his daughter's room, fondled her breasts, and attempted to kiss her. Butcher's daughter, then twelve years of age, resisted by kicking Butcher and ran into the bathroom. A week later, she awoke to find Butcher lying nude on top of her. Butcher's daughter was also nude, although she was uncertain how she had become disrobed since she usually slept clothed. Butcher did not place his penis in his daughter's vagina. However, Butcher's daughter noticed "white stuff" on her stomach, and she experienced pain "down low" after this incident. Record at 60–61. Butcher later admitted that "something happened" between him and his daughter, although he claimed that he "couldn't resist" touching her and that he did not touch her voluntarily. Record at 196 and 198.

## DISCUSSION AND DECISION

### Issue One: Admission of Depraved Sexual Instinct Evidence

Butcher's first allegation of error is the trial court's admission of the testimony of Jennifer Williams and Patty Lauderdale, his nieces. Williams and Lauderdale both testified that Butcher had kissed, fondled or made sexual advances toward them when they were children. Butcher argues that Williams and Lauderdale's testimony, as depraved sexual instinct evidence, is no longer admissible after our supreme court's decision in *Lannan v. State* (1992), Ind., 600 N.E.2d 1334. Butcher also argues that admission of such evidence cannot be harmless error but is highly prejudicial and warrants reversal of his convictions.

■ We agree with Butcher, and the State also apparently concedes, that the admission of Williams and Lauderdale's testimony violated the rule established in *Lannan.*[2] How-

---

1. IND.CODE § 35–42–4–3 and IND.CODE § 35–41–5–1.

2. We observe that counsel for Butcher, with considerable foresight, made the following objection on the record:

 "Times have changed, Judge, we no longer need this type of evidence to prove that a human being is capable of committing a depraved sexual act.... I believe in fact that the depraved sexual instinct rule has outlived its usefulness.... So based on the changes in our society, Your Honor, the fact that its no longer necessary to admit this type of evidence, [and] the fact that the mere admission of this type of evidence is highly prejudicial ... I would move to exclude any testimony concerning depraved sexual instinct, and move the Court to conduct this trial in accordance with the general rules that apply in all criminal cases."

 Record at 39–41. The trial court then accepted Butcher's request to note a continuing objection "to evidence concerning prior acts going to depraved sexual instinct." Record at 42. The State does not contend that Butcher failed to properly preserve error in the admission of depraved sexual instinct evidence. Therefore, we assume, without deciding, that Butcher properly preserved a *Lannan* error. *See Clausen v. State* (1993), Ind., 622 N.E.2d 925, 929 (Dickson, J., dissenting).

ever, our inquiry does not end here, because in *Lannan* our supreme court adopted Federal Rule of Evidence 404(b) and held that evidence of prior sexual misconduct may be admitted to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake.[3] *Lannan,* 600 N.E.2d at 1339. " '[S]uch evidence may be admissible *despite its tendency to show bad character or criminal propensity,* if it makes the existence of an element of the crime charged more probable than it would be without such evidence.' " *Id.* (quoting *Bedgood v. State* (1985), Ind., 477 N.E.2d 869, 872–73) (emphasis in original).

Our supreme court has recently addressed use of the "intent" exception under Indiana Rule of Evidence 404(b) for admission of prior sexual misconduct evidence. In *Wickizer v. State* (1993), Ind., 626 N.E.2d 795, the supreme court stated the rule as follows:

> "The intent exception in Evid.R. 404(b) will be available when a defendant goes beyond merely denying the charged culpability and affirmatively presents a claim of particular contrary intent. When a defendant alleges in trial a particular contrary intent, whether in opening statement, by cross-examination of the State's witnesses, or by presentation of his own case-in-chief, the State may respond by offering evidence of prior crimes, wrongs, or acts to the extent genuinely relevant to prove the defendant's intent at the time of the charged offense."

*Wickizer,* 626 N.E.2d at 799. In concluding that Indiana is best served by a narrow construction of the intent exception in Evidence Rule 404(b), our supreme court noted that the mental state or culpability of a defendant is an element which the prosecution must prove in virtually every criminal case. *Id.* at 797 and 799. Accordingly, the court reasoned that a broad interpretation "would cause the intent exception of Rule 404(b) to overwhelm the rule's primary objective" of prohibiting use of prior misconduct to prove guilt in the instant prosecution. *Id.* at 797. Indeed, this court reached the same conclusion when it applied the intent exception in Federal Rule of Evidence 404(b) to the admission of depraved sexual instinct evidence in another child molesting prosecution. *See Pirnat v. State* (1993), Ind.App., 612 N.E.2d 153, 156 ("to allow intent automatically to become an issue in the class of cases, including child molesting, in which intent is inferable from the nature of the act charged, would create an exception to Fed.R.Evid. 404(b) that 'would virtually swallow the rule against admission of evidence of prior misconduct' ") (quoting *United States v. Shackleford* (1984), 7th Cir., 738 F.2d 776, 781).

Here, as in *Wickizer* and *Pirnat,* we apply a Rule 404(b) analysis. The evidence showed that Butcher gave a voluntary statement to the police approximately a week after the molestation occurred. Butcher admitted that "something happened" in his daughter's bedroom and that he touched his daughter's breasts and her vagina with his hand. Record at 160–61. However, Butcher claimed that his daughter initiated the encounter by requesting that he enter her room where she lay naked, and then by pulling him toward her. Butcher explained that in light of such advances, he "couldn't resist" touching his daughter, although he denied having sexual intercourse with her. Butcher's counsel told the jury in his opening statement that Butcher's "story is different from [his daughter's]" and that Butcher would testify and "tell [them] that story." Record at 48–49.

When Butcher took the stand at trial, he reiterated his claim that his daughter called him into her room and pulled him toward her nude body. Butcher testified that his daughter grasped his hand, placed his hand on her breast and then squeezed his hand on her breast. Butcher declared that he "never vol-

---

**3.** Federal Rule of Evidence 404(b) provides in pertinent part:

> "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident...."

The text of Federal Rule of Evidence 404(b) has since been substantially adopted as Indiana Rule of Evidence 404(b), which became effective January 1, 1994. The only difference between the federal rule and the Indiana rule is the omission of the word "opportunity" from the Indiana rule.

untarily reached up and touched her." Record at 193. On appeal, Butcher has remained steadfast in his position that he did not intend to molest his daughter, arguing that his "denial of wrongdoing ... can best be described as an absence of the specific intent required...." Appellant's Brief at 6–7.

Butcher's pretrial statement to the police, his counsel's opening remarks, and his own trial testimony demonstrate that the State was justified in presenting character evidence in its case-in-chief in order to prove Butcher's intent to molest his daughter. Both before, during and after his trial, Butcher never denied that "something happened" in his daughter's bedroom. Nor did Butcher deny that he touched his daughter while she lay nude in her bed. Rather, he put his intent at issue. Butcher's proffered explanation for his conduct was that he either (1) could not resist his daughter's advances or (2) he was forced, against his will, to touch his daughter's breasts. As shown by his counsel's opening statement, Butcher's strategy was to explain his conduct by telling *his* version of the events.

■ Under *Wickizer*, the test is whether the prior conduct was admitted before the defendant presented a claim of particularly contrary intent. *Wickizer*, 626 N.E.2d at 800, Here, Butcher presented a claim of contrary intent, well before the State's introduction of depraved sexual instinct evidence, when he gave a voluntary statement to the police and claimed that he could not resist touching his nude daughter. Butcher's counsel then specifically mentioned in his opening statement that Butcher had voluntarily spoken with the police and that Butcher would tell his story to the jury at trial. When considered together, Butcher's pretrial statement to the police and his opening statement amount to a particularized assertion that he did not intend to molest his daughter. Butcher's comments are considerably more specific than the vague response to police questions made by the defendant in *Wickizer* that he was not a "devious character." *Id.* Butcher did not merely deny the charged

conduct; he affirmatively presented a claim of particular contrary intent.

■ Finally, even if prior conduct evidence is deemed admissible under an Evidence Rule 404(b) exception, courts must still apply a balancing test and determine whether the prejudicial effect of presenting the evidence substantially outweighs its probative value. *See id.* at 799 (citing Indiana Evidence Rule 403); *Hardin v. State* (1993), Ind., 611 N.E.2d 123, 129. Such evidence should not be admitted if it might unfairly affect the outcome of the trial by violating the defendant's constitutional due process right to a fair trial. *Hardin,* 611 N.E.2d at 129. Here, the prejudicial effect of evidence that Butcher had previously fondled or made sexual advances toward his minor nieces did not substantially outweigh its probative value. Butcher made a particular issue of his contrary intent when he admitted touching his daughter, but asserted that the touching was involuntary. Admission of prior molestations was not so prejudicial that it denied Butcher his constitutional due process right to a fair trial.

We conclude that evidence of Butcher's prior acts of sexual misconduct, placed in evidence through the testimony of his nieces, Williams and Lauderdale, was admissible under Evidence Rules 404(b) and 403 to show Butcher's intent to molest his daughter and was properly admitted during the State's case-in-chief. Butcher's trial testimony, in which he reasserted that he did not voluntarily touch his daughter, confirmed that Butcher had raised a particular contrary intent. Butcher has not shown reversible error.

**Issue Two: Jury Instructions**

**A. Attempted Child Molesting Instruction**

Butcher next asserts that the trial court erred when, after granting Butcher's motion for judgment on the evidence for the Class C child molesting count, the court submitted to the jury an instruction for Class C attempted child molesting. Butcher maintains that "a lesser included instruction on attempt is impermissible" because child molesting is a general intent crime and an "attempt can be

made to commit only a specific intent crime." Appellant's Brief at 11–12.

There are two flaws in Butcher's argument. The general attempt statute applies to any crime which requires both culpability and conduct constituting a substantial step toward commission of the crime. *Anthony v. State* (1980), 274 Ind. 206, 212, 409 N.E.2d 632, 636. The culpability requirement means that there must be an intent to commit the crime. *Id.* Mens rea or intent is an element of the relevant portion of the child molesting statute, Indiana Code § 35–42–4–3(b), even though the language of that section contains no specific mention of intent. *See Cardwell v. State* (1987), Ind.App., 516 N.E.2d 1083, 1086, *trans. denied* (discussing same language in Indiana Code § 35–42–4–3(a)). Thus, because child molesting by sexual intercourse or deviate sexual conduct must be proved by evidence that the defendant intended to engage in such conduct, the requisite culpability or intent element is present in the offense of child molesting and warrants application of the attempt statute.[4] *See Anthony,* 274 Ind. at 212, 409 N.E.2d at 636.

Further, "[a]n attempt to commit the offense charged or an offense otherwise included therein" is, by definition, an included offense. IND.CODE § 35–41–1–16(2); *see Murphy v. State* (1980), Ind.App., 414 N.E.2d 322, 325 (no per se error by trial court in instructing jury on attempted burglary where defendant charged only with burglary; attempt is statutorily designated as included offense of offense charged). Here, when the trial court granted Butcher's motion for judgment on the evidence for the Class C child molesting count, the court stated on the record that it was not dismissing the count entirely but would, in effect, permit the State to amend the count to the lesser included

offense of attempted child molesting.[5] We conclude that the trial court did not err when it gave an instruction for attempted child molesting.

## B. Instructions Concerning Victim's Testimony

Butcher further contends the trial court erred when it gave the following final instructions concerning his daughter's testimony:

> "A conviction for child molesting may rest upon the uncorroborated testimony of the victim.
>
> The fact that a child's story varies on the details and reflects a child's point of view on matters does not render it insufficient to support a·determination of guilt."

Record at 248–49 (Instructions "8B" and "8C" respectively). Butcher argues that these two instructions placed undue emphasis on his daughter's testimony and invaded the province of the jury by instructing the jury how to weigh the evidence. We disagree.

Our courts have previously upheld jury instructions, like Instruction 8B here, which state that a child molesting conviction may rest solely upon the victim's uncorroborated testimony. *See King v. State* (1992), Ind.App., 598 N.E.2d 589, 591, *trans. denied; Mullins v. State* (1985), Ind.App., 486 N.E.2d 623, 628–29.· Instruction 8B was a proper instruction.

Standing alone, Instruction 8C might have tended to emphasize the testimony of the victim. However, jury instructions are to be considered as a whole and in reference to each other. *Daniel v. State* (1991), Ind., 582 N.E.2d 364, 370, *cert. denied,* ——— U.S. ———, 113 S.Ct. 116, 121 L.Ed.2d 72. Error in one instruction will not require re-

---

4. Butcher cites to authority for the proposition that the attempt statute only applies to specific intent crimes. *See Smith v. State* (1981), Ind., 422 N.E.2d 1179, 1182. However, the *Smith* decision dealt with a charge of "attempted involuntary manslaughter," an offense which is by definition impossible because a person cannot attempt to commit an involuntary act. Our supreme court in *Smith* obviously meant that the attempt statute only applies to offenses which require culpability, means rea or intent, not

those such as involuntary manslaughter which do not.

5. The court's actual comment was: "Now whether procedurally the State amends to attempted, or whether or not I take away the underlying charge, and give to them amended, I think is a matter of form over function. And so the record should indicate my intention in that regard." Record at 224.

versal unless all instructions, taken as a whole, mislead the jury as to law in the case. *Id.*

 We note that the jury in this case was given a general instruction concerning the credibility of witnesses.[6] Thus, considering all the instructions in reference to each other, we cannot say that the jury was mislead by Instruction 8C. Instruction 8C merely elaborates upon the general jury instruction concerning witness credibility. Indeed, Instruction 8C complements Instruction 8B which states that the victim's uncorroborated testimony alone may sustain a conviction, and Instruction 8B is a correct statement of the law. *See King,* 598 N.E.2d at 591. We are not convinced that the jury was misled by Instruction 8C, and we conclude that giving that instruction was not reversible error.

### Issue Three: Sufficiency of the Evidence

Finally, Butcher asserts that the evidence was insufficient to support a conviction for attempted child molesting as a Class C felony. Butcher maintains that "[t]here was no testimony, no evidence from which the jury could conclude, beyond a reasonable doubt, that [he] ever attempted to insert his penis in his daughter's vagina." Appellant's Brief at 14. We again disagree.

 To prove attempted child molesting as a Class C felony, the State was required to show that (1) Butcher acted with the culpability required for commission of Class C felony child molesting, and that (2) Butcher engaged in conduct which constituted a substantial step toward commission of that offense. *See* IND.CODE § 35–41–5–1(a). A defendant's intent to commit child

molesting may be established by circumstantial evidence and may be inferred from the defendant's conduct and the result which usually and reasonably follows from such conduct. *See Pedrick v. State* (1992), Ind. App., 593 N.E.2d 1213, 1220. A "substantial step" toward commission of a crime requires proof that the defendant took an overt act beyond mere preparation and in furtherance of his intent to commit the offense. *Hughes v. State* (1992), Ind.App., 600 N.E.2d 130, 131.

Butcher's daughter testified she awoke to find that Butcher was having sexual intercourse with her. When asked to explain what she meant by "sexual intercourse," Butcher's daughter stated that Butcher was lying nude on top of her and that she was also nude. Butcher's daughter testified that she thought Butcher had removed her clothes because she usually slept clothed. She admitted that she did not remember Butcher's penis in her vagina, but she explained that she knew her father had sexual intercourse with her because there was "white stuff all over [her] stomach." Butcher's daughter also stated that she hurt "down low" after observing the "white stuff" on her stomach.

 In determining whether the evidence was sufficient to sustain a conviction, we may not reweigh the evidence nor judge the credibility of witnesses. *Johnson v. State* (1992), Ind.App., 587 N.E.2d 138, 139. Rather, we only consider the evidence most favorable to the verdict and any reasonable inferences to be drawn from that evidence. *Id.* The evidence of Butcher's conduct showed that Butcher: (1) was nude in his daughter's room; (2) disrobed his daughter; (3) lay on top of her; (4) placed his penis

---

**6.** The jury was instructed as follows:

"You are the exclusive judges of the evidence, the credibility of the witnesses who have testified, and the weight to be given to the testimony of each of them. In considering the testimony of a witness, you may take into account his or her opportunity to observe; the memory, manner and conduct of the witness while testifying; any interest, bias or prejudice the witness may have; any relationship with other witnesses or interested parties; and, the reasonableness of the testimony of the witness as compared to other evidence introduced in the case which you have found to be credible.

You should not disregard the testimony of any witness without a reason and without careful consideration. However, if you find the testimony of a witness is so unreasonable as to be unworthy of belief, or you find so much conflict between the witnesses that you cannot believe all of them, then you must determine which of the witnesses you will believe and which of them you will disbelieve. As you weigh the evidence, you should attempt to fit the evidence to the presumption that the defendant is innocent, and that every witness is telling the truth."

Record at 240.

near or around her vagina; and (5) ejaculated on her stomach. Combined with his daughter's testimony that she hurt "down low" after these events, the jury could have reasonably inferred that Butcher intended to have sexual intercourse with his daughter and that he took a substantial step toward the commission of sexual intercourse. *See Watkins v. State* (1991), Ind.App., 571 N.E.2d 1262, 1265, *reversed in part on other grounds,* (1991), Ind., 575 N.E.2d 624 (attempted child molesting conviction based on deviate sexual conduct sustained where evidence showed that defendant lay on top of nude child and placed penis around and against child's anal area). Even behavior by a defendant which is solely verbal or which involves no physical contact with the victim is sufficient to sustain a conviction for attempted child molesting. *See Benson v. State* (1991), Ind.App., 574 N.E.2d 934, 935 (defendant's repeated attempts to persuade minor to immediately engage in sexual intercourse, even though solely verbal, were sufficient for attempted child molesting conviction); *Coleman v. State* (1980), Ind.App., 409 N.E.2d 647, 652 (attempted child molesting conviction affirmed where defendant was nude, in child's bedroom unauthorized in middle of night, breathing heavily and told child he would not hurt her).

A conviction for child molesting may rest solely upon the uncorroborated testimony of the victim, despite the child's limited sexual vocabulary or unfamiliarity with anatomical terms. *McCoy v. State* (1991), Ind.App., 574 N.E.2d 304, 310; *Short v. State* (1991), Ind.App., 564 N.E.2d 553, 558–59. Butcher's denial of his daughter's allegations established a mere conflict in the evidence. Such conflicts were matters to be resolved by the jury. *Smedley v. State* (1990), Ind., 561 N.E.2d 776, 783. We conclude that the evidence was sufficient to sustain Butcher's conviction for Class C attempted child molesting.

The judgment in all respects is affirmed.

SHARPNACK, C.J., and BAKER, J., concur.