Rodney G. DAY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 44A04–9401–CR–22.[1]

Court of Appeals of Indiana,
First District.

Nov. 22, 1994.

Transfer Denied Feb. 28, 1995.

1. This case was transferred to this office on 10/5/94 by direction of the Chief Judge.

Jeffrey A. James, LaGrange, for appellant.

Pamela Carter, Atty. Gen., Susann Weber Lupton, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

## OPINION

BAKER, Presiding Judge.

Appellant-defendant Rodney G. Day challenges his two convictions for Child Molesting[2], as Class C felonies.

### FACTS

On January 8, 1993, the two ten-year-old victims, C.W. and H.W., spent the night at Day's home with Day's daughter. During the evening, Day fondled C.W.'s and H.W.'s breasts, buttocks, and vaginal area several times. Day was charged with two counts of child molesting and his trial date was set for 1 p.m. on August 11, 1993.

On August 10, the State filed a notice of intent to offer the testimony of three witnesses regarding Day's prior sexual misconduct pursuant to Federal Rule of Evidence 404(b). On the morning of August 11, Day filed a motion in limine to exclude the three witnesses. The court held a hearing on the matter the same morning and ultimately denied Day's motion. Day immediately requested a continuance of the trial in order to depose the new witnesses. The trial court denied the continuance and advised Day to interview the witnesses that afternoon. Day did not heed the court's advice.

During jury selection, the panel of veniremen was exhausted without seating a full jury. Therefore, the court ordered the sheriff to obtain additional potential jurors from bystanders in the local area. Day objected to this procedure to summon talesmen, complaining that the sheriff was likely to select people who were pro-law enforcement or who were known to the sheriff. The court overruled Day's objection stating that it was following standard procedure.

In the State's opening argument, it explained that witnesses would be testifying as to Day's prior sexual conduct to prove his intent regarding his acts towards C.W. and H.W. Day reserved his opening statement until the beginning of his case-in-chief. During the State's case-in-chief, when the three witnesses who testified concerning Day's prior sexual conduct were called, Day objected to each witness' testimony. In defense counsel's belated opening statement and case-in-chief, Day admitted the touchings but denied any improper intent to arouse or satisfy his sexual desires. The jury found Day guilty of molesting both girls.

## DISCUSSION AND DECISION

### I. Continuance

Day first contends that the trial court abused its discretion by denying his motion for a continuance upon the State's filing notice one day before trial of three witnesses that would provide F.R.E. 404(b) evidence of Day's prior sexual misconduct. Day argues that the denial of a continuance precluded him from adequate preparation and an opportunity to depose the three new witnesses.

Day relies upon IND.CODE § 35–37–4–15(b)(1), which requires fifteen days notice before trial that the State intends to offer evidence of the defendant's act of child molesting against a different victim. However, the statute also allows admission of such evidence at a later date for good cause. I.C. § 35–37–4–15(b)(2). Because this statute became effective February 1, 1994, after Day's proceedings in 1993, it is not controlling. We also observe that we have previously de-

2. IND.CODE § 35–42–4–3(b).

clared that this statute is a nullity since it conflicts with the common law rules of evidence. *See Brim v. State* (1993), Ind.App., 624 N.E.2d 27, 33, n. 2, *trans. denied.* Rather, we apply an abuse of discretion standard in this instance. Ind.Trial Rule 53.5. The trial court's ruling is given considerable deference. *Vaughn v. State* (1992), Ind., 590 N.E.2d 134, 136. We review whether the trial court properly considered the parties' competing interests, and whether prejudice to the movant occurred. *Id.*

Certainly, Day had an interest in interviewing the witnesses before they took the stand. However, Day admits that he was unofficially advised about one of the new witnesses as early as August 6. Record at 91. Additionally, at the August 11 hearing, the State offered to make the witnesses available that afternoon for interviews, but Day declined. The trial court ordered the State to turn over any statements from the witnesses and advised Day to interview the witnesses that afternoon. R. 94–95.

In *Bradberry v. State* (1975), 164 Ind.App. 360, 364, 328 N.E.2d 472, 476, Bradberry requested a continuance when the State submitted an additional list of two witnesses prior to trial but subsequent to the deadline for filing a witness list. The trial court conditioned the admission of the witnesses' testimony upon the State's provision of any police reports the witnesses had made and the defendant's opportunity to interview the witnesses before they testified. *Id.* at 365, 328 N.E.2d at 476. We refused to find an abuse of discretion in denying the continuance in light of the court's conditions and the lack of prejudice. *Id.* at 365–66, 328 N.E.2d at 477.

■ The circumstances and conditions imposed here are similar to those in *Bradberry.* Additionally, Day did not avail himself of the opportunity to interview the witnesses before they testified. Day's only contention of prejudice is his summary statement that the witnesses' testimony irreparably harmed Day's case. Day's vigorous cross-examination of the witnesses reflects that he was able to expose the weaknesses and inconsistencies in the witnesses' testimony. His waiver and the absence of prejudice compel us to defer to the trial court's judgment. No abuse of discretion has been shown.

## II. Jury Selection

■ Next, Day objected that the court's procedure for obtaining talesmen was improper because it was likely that the sheriff would select talesmen who would probably be pro-law enforcement or someone that the sheriff's deputies knew. We reject his unsubstantiated contention.

■ On appeal, he also adds that the court failed to instruct the sheriff not to call a person who has either solicited or been recommended for the position, pursuant to IND. CODE § 35–37–1–7. This portion of the proceedings is absent from the record. Even assuming the trial court failed to give this instruction, it is not reversible error. Minor irregularities in compliance with statutes directing the selection and calling of jurors will not create prejudice to a defendant's substantial rights *See Owen v. State* (1979), 272 Ind. 122, 125, 396 N.E.2d 376, 379. "The major requirement is that the system of selection is not arbitrary ... and complete impartiality should be sought." *Id.* (quotation omitted). Day makes no showing of prejudice. Although he alleges that one of the jurors selected from the talesmen was a spouse of a staff member of the clerk's office, Day does not direct us to any evidence in the record supporting this allegation. Even so, he does not refer to any prejudice resulting from that juror. *See Wilson v. State* (1989), Ind.App., 536 N.E.2d 1037, 1040, *trans. denied.* We find no error.

## III. Prior Sexual Misconduct

■ Day's main contention is that the court erred in admitting evidence of his prior molestations of other victims to negate his denial of intent. To sustain child molesting convictions for fondling under I.C. § 35–42–4–3(b), the State must show that Day committed the acts with the specific intent to arouse or satisfy the defendant's sexual desires.

■ Prior to 1992, a defendant's prior sexual misconduct was admissible in sex offense cases to show the defendant's depraved sexu-

al instinct. Day correctly acknowledges that the depraved sexual instinct rule was abolished in *Lannan v. State* (1992), Ind., 600 N.E.2d 1334, where our supreme court adopted F.R.E. 404(b). F.R.E. 404(b) places certain limitations upon the admission of evidence of prior conduct. Under F.R.E. 404(b), evidence of other acts is admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.[3] Such evidence is admissible only upon reasonable notice in advance of trial, or during trial if good cause is shown, that the State intends to introduce it at trial. *Wickizer v. State* (1993), Ind., 626 N.E.2d 795, 797.

■ Here, we are concerned with the intent exception. Indiana has narrowly construed this exception to avoid the introduction of the forbidden inference that the defendant acted in conformity with his prior bad acts. *Id.* at 799. The intent exclusion is available only when a defendant goes beyond merely denying the charged culpability and affirmatively presents a claim of particular contrary intent. *Id.* Our supreme court specifically stated:

> when a defendant alleges in trial a particular contrary intent, whether in opening statement, by cross-examination of State witnesses, or by presentation of his own case-in-chief, the State may respond by offering evidence of prior crimes, wrongs, or acts to the extent genuinely relevant to prove the defendant's intent at the time of the charged offense.

*Id.*

Day charges that the State was erroneously permitted to display evidence of prior molestations before he had affirmatively asserted a claim of particular contrary intent at trial. The State counters that during pretrial discussions with the prosecutor, Day's counsel stated that Day's defense would be "no intent." The *Wickizer* court faced the same question of whether prior conduct evidence was improperly admitted *before* the defendant presented a claim of particularly contrary intent. *Id.* at 800. There, the

State's case-in-chief included evidence that the defendant responded to police questioning that he was not a "devious character." *Id.* Our supreme court held that the pretrial statement to the police did not constitute an assertion of particular contrary intent, so it was error to permit prior conduct testimony. *Id.; see Levi v. State* (1994), Ind.App., 627 N.E.2d 1345, 1348, *trans. denied* (admission of evidence of prior conviction presented during State's case-in-chief was error when defendant did not argue contrary intent in opening or cross-examination of State's witnesses). *Wickizer* also suggests that had the State's proffer of prior conduct been accompanied by any reliable assurance that the State would subsequently connect it up with other evidence demonstrating that the defendant was affirmatively contesting the issue of intent, no reversible error would have occurred. *Wickizer,* 626 N.E.2d at 800.

Notwithstanding the erroneous admissions in *Wickizer* and *Levi,* a defendant's statement to police has been held to be an affirmation of particular contrary intent that justifies the State's use of prior misconduct evidence in its case-in-chief. In *Butcher v. State* (1994), Ind.App., 627 N.E.2d 855, 859, the defendant's pretrial statement to the police that he could not resist touching his nude daughter constituted a declaration of particular contrary intent. Therefore, the State was entitled to present prior misconduct evidence during its case-in-chief. Butcher's later trial testimony that he did not voluntarily touch his daughter, confirmed that he had raised a particular contrary intent. *Id.*

■ During the hearing on Day's motion in limine, the prosecutor claimed that Day's counsel stated that Day's defense was "no intent." The motion in limine arguments referred to innocent touchings. The trial court denied the motion in limine based upon counsel's pre-trial declaration of Day's particular contrary intent. Day's counsel never denied making such statement nor repudiated such defense until this appeal. His denial now is too late. Moreover, we find that Day placed intent into issue during his cross-

---

3. Indiana has since adopted its own rules of evidence and Ind.Evid.Rule 404(b) is virtually identical to F.R.E. 404(b), with the exception that "opportunity" was omitted from the list of admissible purposes. Evid.R. 404(b) (eff. Jan. 1, 1994).

examination of the two victims before the prior conduct testimony was introduced. Questions posed to the victims suggested the lack of Day's intent as they emphasized the innocent nature of the touches being made during a game of tag. R. at 342–43, 421. We find the intent exception as contemplated in *Wickizer* was applicable here and find no error in the admission of the prior misconduct evidence in the State's case-in-chief.

In addition, Day unequivocally presented a particular contrary intent in his belated opening argument and his own testimony, confirming that he had raised a particular contrary intent. *See Butcher*, 627 N.E.2d at 859.

Because we find no error in the admission of the prior sexual misconduct evidence, we do not address Day's argument that without that testimony, the evidence was insufficient to support his convictions.

Judgment affirmed.

SHARPNACK, C.J., and CHEZEM, J. concur.