**Jeffrey WEAVER, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 29A04–9804–CR–197.

Court of Appeals of Indiana.

Dec. 7, 1998.

Gilda W. Currier, Holt Fleck & Free, Noblesville, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Randi E. Froug, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

### STATEMENT OF THE CASE

Jeffrey Weaver ("Weaver") appeals his convictions of Operating a Vehicle While Intoxicated, as a class D felony, and Driving While Suspended, a class A misdemeanor, following a jury trial. The jury also found Weaver guilty of being an habitual substance offender. We affirm.

### ISSUES

Weaver presents three issues for our review which we restate as:

1. Whether Weaver's sentence was properly enhanced pursuant to both Indiana Code Section 9–30–5–3 and Indiana Code Section 30–50–2–10.

2. Whether there was sufficient evidence to support Weaver's conviction of operating a vehicle while intoxicated.

3. Whether Weaver was denied his right to a fair trial due to juror inattentiveness.

### FACTS

The evidence most favorable to the jury's verdict shows that on October 16, 1996, Officer Kyle Schaffer of the Westfield Police Department observed Weaver drive out of a parking lot without his headlights on at approximately 2:00 a.m. Officer Schaffer observed Weaver's truck veer onto the center double yellow line with its front and rear left tires. Although Weaver had just passed a sign which posted the speed limit at 30 miles per hour, Officer Schaffer determined by radar that Weaver was traveling at 51 miles per hour.

After Officer Schaffer stopped Weaver's vehicle, Officer Schaffer approached the passenger's side of the vehicle while another police officer approached the driver's side. As he spoke to the two passengers in the vehicle, Officer Schaffer observed a brown paper sack containing five unopened cans of beer. The other officer asked Weaver to produce his driver's license and registration. As Weaver reached into the glove compartment to retrieve the vehicle registration, both officers noticed a box of ammunition in the glove compartment and immediately ordered Weaver and his two passengers to keep their hands visible and to exit the vehicle.

When Weaver exited the vehicle, Officer Schaffer detected that Weaver smelled strongly of alcohol. Officer Schaffer also noticed that Weaver's eyes were bloodshot and that his speech was slurred and difficult to understand. Weaver admitted to the officers that he had consumed three to four beers that evening. Without objection, Officer Schaffer testified that he proceeded to perform a horizontal gaze nystagmus sobriety test to determine the probability of Weaver's blood alcohol content being above .10 percent. The results of the nystagmus test indicated a more than 77 percent probability that Weaver's blood alcohol content was .10 percent or above. Weaver also failed

to successfully complete a field sobriety test which involved counting backwards. When later asked to take an Intoxilyzer 5000® breath test, Weaver failed three times to provide a sufficient breath sample to obtain an accurate reading. Weaver was then placed under arrest.

## DISCUSSION AND DECISION

### Issue One: Sentence Enhancement

Weaver contends that he was subjected to an impermissible double enhancement of his sentence when the trial court (1) increased his penalty for operating while intoxicated from a class A misdemeanor to a class D felony [1] and, (2) enhanced his term of imprisonment based upon a finding that he is an habitual substance offender. We disagree.

Weaver cites to *Freeman v. State*, 658 N.E.2d 68 (Ind.1995) and *Devore v. State*, 657 N.E.2d 740 (Ind.1995) in support of his argument that the double enhancement of his sentence is prohibited under Indiana law. In *Freeman*, our supreme court held that a defendant could not be subjected to punishment pursuant to both Indiana Code Section 9–30–5–3 (operating while intoxicated as a class D felony) and Indiana Code Section 35–50–2–10 (habitual substance offender). Based upon rules of statutory construction, the *Freeman* court concluded that Indiana Code Section 9–30–5–3 was the more specific statute and, thus, it was the only enhanced punishment to which a defendant may be subjected. *Id.* at 71; *see State v. Wynne*, 699 N.E.2d 717, 719 n. 4 (Ind.Ct.App.1998). Similarly, in the companion case of *Devore*, our supreme court reiterated that chapter 9–30–5 is a definite and specific statute which supersedes the general habitual substance offender statute. *Devore*, 657 N.E.2d at 742. Accordingly, "[i]n the absence of clear legislative language to the contrary, such double enhancement cannot be permitted." *Id.*

However, in *Weida v. State*, 693 N.E.2d 598 (Ind.Ct.App.1998), *trans. denied*, this court recently noted that both *Freeman* and *Devore* were decided in 1995 and were based upon a version of Indiana Code Section 35–50–2–10 which has since been amended. Specifically, in 1996, "the Indiana General Assembly amended the statutory definition of substance offense by adding the language: 'The term includes an offense under IC 9–30–5....'" *Id.* at 601 (quoting Pub.L. No. 97–1996, § 5 and Pub.L. No. 96–1996, § 8). We held in *Weida* that the addition of such language by the General Assembly is the clear legislative language which our supreme court found lacking in *Freeman* and *Devore*. *Id.* [2] Thus, we concluded that both the enhancement of Weida's sentence for operating while intoxicated to a class D felony and the habitual substance offender sentence enhancement were proper given the statutory amendment.

Weaver acknowledges our recent precedent but nevertheless urges us to adopt the reasoning of Judge Sullivan's dissenting opinion in *Weida* in which he disagreed as to the import of the 1996 amendment to the habitual substance offender statute. *Id.* (Sullivan, J. dissenting) at 602. We decline Weaver's invitation and follow the majority opinion. Pursuant to our holding in *Weida*, Weaver was properly convicted of both operating a vehicle while intoxicated, as a class D felony and of being an habitual substance offender.

### Issue Two: Sufficiency of the Evidence

Weaver next contends that there was insufficient evidence to support his conviction for operating a vehicle while intoxicated. When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses. *Smith v. State*, 678 N.E.2d 1152, 1155 (Ind. Ct.App.1997), *trans. denied*. We look solely

---

1. A conviction of operating while intoxicated is elevated from a class A misdemeanor to a class D felony when the person has a previous conviction for operating while intoxicated which occurred within the five years immediately preceding the current conviction. IND.CODE § 9–30–5–3.

2. Support for our conclusion is found in *Haymaker v. State*, 667 N.E.2d 1113 (Ind.1996), in which our supreme court noted the amendment to Indiana Code Section 35–50–2–10 and declared that "effective July 1, 1996, prior convictions under I.C. 9–30–5 (operating a vehicle while intoxicated) will be available as predicate offenses for habitual substance offender enhancements." *Weida*, 693 N.E.2d at 601 (quoting *Haymaker*, 667 N.E.2d at 1115).

to the evidence most favorable to the verdict together with all reasonable inferences to be drawn therefrom. *Id.* A conviction will be affirmed if the probative evidence and reasonable inferences to be drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Wooden v. State,* 657 N.E.2d 109, 111 (Ind.1995).

Weaver argues that the evidence is insufficient to support his conviction for operating while intoxicated because the State failed to prove that he was "intoxicated." Indiana Code Section 9–13–2–86 defines "intoxicated" as "under the influence of (1) alcohol ... so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties to an extent that endangers a person." The element of endangerment is proved by evidence that the defendant's condition or manner of operating the vehicle could have endangered any person, including the public, the police, or the defendant. *Blinn v. State,* 677 N.E.2d 51, 54 (Ind.Ct.App.1997). Thus, "proof that the defendant's condition rendered operation of the vehicle unsafe is sufficient to establish endangerment." *Kremer v. State,* 643 N.E.2d 357, 360 (Ind.Ct.App.1994).

Contrary to Weaver's argument, the State presented sufficient evidence that he was impaired to an extent that endangered himself or others. The record shows that Officer Schaffer observed Weaver drive out of a parking lot without his headlights on at approximately 2:00 a.m. Officer Schaffer observed Weaver's truck veer onto the center double yellow line with its front and rear left tires. Although Weaver had just passed a sign which posted the speed limit at 30 miles per hour, Officer Schaffer determined by radar that Weaver was traveling at 51 miles per hour. There was alcohol found in the vehicle and Weaver admitted that he had consumed three to four beers earlier in the evening. Officer Schaffer noticed that Weaver smelled strongly of alcohol, his eyes were bloodshot and his speech was slurred and difficult to understand. Officer Schaffer performed a horizontal gaze nystagmus sobriety test to determine the probability of Weaver's blood alcohol content being above .10 per-

cent. Weaver failed all six indicators of the nystagmus test which indicated a more than 77 percent probability that his blood alcohol content was .10 percent or above. He also failed to successfully complete the "counting backwards" test, and failed in three attempts to give an adequate breath sample for an Intoxilyzer® test although he appeared to the officer to have no difficulty breathing. This evidence and the reasonable inferences to be drawn therefrom support the jury's conclusion that Weaver's driving ability was impaired to an extent that endangered himself and/or others.

Weaver maintains that, although he failed the horizontal gaze nystagmus test, he passed two other sobriety tests administered by Officer Schaffer. Weaver merely asks that we reweigh the evidence in his favor, a task not within our prerogative on appeal. The State presented sufficient evidence to support Weaver's conviction for operating a vehicle while intoxicated.

### Issue Three: Juror Inattentiveness

Finally, Weaver argues that he was denied his right to a fair trial because two of the jurors appeared to be sleeping through part of the proceedings. To prevail on this claim, Weaver must demonstrate two elements: 1) the jurors were actually inattentive, and 2) the jurors' inattentiveness resulted in actual prejudice. *Chubb v. State,* 640 N.E.2d 44, 48 (Ind.1994).

Here, Weaver has failed to establish either of the required elements of his claim. First, Weaver did not make a contemporaneous objection at trial regarding his allegation that two jurors were sleeping. Instead, Weaver presented his claim in a motion to correct error supported by the affidavits of his sister and his wife. Because the alleged juror inattentiveness was not contemporaneously brought to the trial court's attention, it is impossible to know whether the jurors were actually sleeping. The conclusory statements in the post-trial affidavits are not determinative. *See id.*

Weaver has similarly failed to demonstrate that he suffered actual prejudice as a result of the alleged juror inattentiveness. Our supreme court has recognized that a juror's

mere falling asleep for a short time does not necessarily constitute a sufficient cause for a new trial absent a convincing explanation as to why the alleged behavior deprived the defendant of his rights. *Whiting v. State,* 516 N.E.2d 1067, 1068 (Ind.1987). Weaver has failed to offer any explanation, much less a convincing explanation, as to how he was prejudiced or deprived of his rights. Weaver was not denied his right to a fair trial.

Affirmed.

RUCKER and RILEY, JJ., concur.