Gustavo GUY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0101–CR–18.

Court of Appeals of Indiana.

Sept. 24, 2001.

Aaron E. Haith, Public Defender, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Joseph A. Samreta, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

Gustavo Guy was found guilty by a jury of child molesting, a Class A felony. The trial court sentenced Guy to the Indiana Department of Correction for thirty years. Guy now appeals his conviction. We affirm.

### Issues

Guy raises the following restated issues for our review:

1. Whether the trial court properly admitted into evidence T.M.'s deposition testimony;
2. Whether there was sufficient evidence to support his conviction for child molesting, a Class A felony; and
3. Whether the State's closing remarks constituted reversible error.

### Facts and Procedural History

The facts reveal that sometime between May 23, 1998, and May 22, 1999, Guy inserted his penis in eight-year old T.M.'s vagina. Guy, a friend of T.M.'s step-father, was living at T.M.'s home when the molestation occurred. On July 12, 1999, the police were notified about Guy's molestation of T.M. Shortly thereafter, Detective Cathy Graban conducted a taped interview of T.M. in her police cruiser. On July 14, 1999, Detective Graban conducted a videotaped interview of T.M. in the Family Advocacy Center. Only the detective and T.M. were present during this interview.

Consequently, the State charged Guy with child molesting, a Class A felony. On February 17, 2000, Guy's counsel took the deposition of T.M. On March 1, 2000, the State filed with the trial court a motion pursuant to Indiana Code section 35–37–4–6 to allow the following evidence be admitted at trial: (1) T.M.'s July 14, 1999, taped statement; (2) T.M.'s statements to her mother about the molestation; and (3) T.M.'s statements to Roberta Worthington, a family friend, regarding the molestation.

On May 12, 2000, the trial court held a hearing [1] on the State's motion whereupon T.M. testified about the molestation. On June 23, 2000, the trial court entered an order which provides in pertinent part:

1. [T.M.], the alleged victim in this case, was 10 years old at the time of the

---

1. We note that the record lacks a transcript of this hearing.

child hearsay hearings on June 2 and June 16, 2000. She is competent to testify. Although she was very emotional in court and provided fairly minimal information about the alleged offense she was available for cross-examination as required by I.C. 35–37–4–6.

\* \* \*

9. The statements [T.M.] made to Worthington bear sufficient indications of reliability to admit them under I.C. 35–37–4–6. They were made to a person whom [T.M.] had known for most of her life and whom she trusted. [T.M.'s] disclosure was not the product of leading or suggestive questions. She used age appropriate language to describe the acts. The Court does not find that the delay in disclosure ultimately makes the disclosure itself less credible. While Worthington apparently failed to mention [T.M.'s] statements about [Guy] to Graban on the day that they were made, the Court does not find that this lapse diminishes the reliability of the child's statements. The bulk of the allegations disclosed by the child pertained to her step-father, Jose Balan, who still lived with the child when the allegations surfaced. The fact that [T.M.'s] mother and Worthington focused on Balan rather than on [Guy] when the police first responded to their complaint does not make the child's disclosures regarding [Guy] suspect.

10. [T.M.'s] statements to Det. Graban bear sufficient indications of reliability to admit them under I.C. 35–37–4–6. The interview was conducted two days after the initial disclosure took place in a neutral location. No other persons were present in the room during the interview. [T.M.] provided some details of the molest largely in response to non-leading questions. Although [T.M.'s] statements were not entirely consistent with what she had told Worthington,

some of the details of the alleged act, including where and when it took place, were consistent. [T.M.] only used age appropriate language throughout the interview. Only a portion of this interview pertains to alleged acts of [Guy], and only that portion pertaining to his alleged acts should be admitted. . . .

Appellant's Appendix at 84–85.

At trial, the State called T.M. to the stand as its first witness. However, she was emotionally upset and refused to answer the State's questions despite the trial court's order to do so. Therefore, the trial court found T.M. unavailable and admitted into evidence, over Guy's objection, her deposition testimony pursuant to Indiana Evidence Rule 804. The jury found Guy guilty as charged and the trial court sentenced Guy to the Indiana Department of Correction for thirty years. This appeal ensued.

### Discussion and Decision

### I. Admission of Evidence

Guy contends that the trial court erred in admitting into evidence T.M.'s deposition testimony. We disagree.

#### A. Standard of Review

Our standard of review in this area is well-settled. The admission of evidence is within the sound discretion of the trial court, and the decision whether to admit evidence will not be reversed absent a showing of manifest abuse of the trial court's discretion resulting in the denial of a fair trial. *Spires v. State*, 670 N.E.2d 1313, 1315 (Ind.Ct.App.1996). In determining the admissibility of evidence, the reviewing court will only consider the evidence in favor of the trial court's ruling and unrefuted evidence in the defendant's favor. *Reaves v. State*, 586 N.E.2d 847, 857 (Ind.1992).

## B. Deposition Testimony

Guy first argues that the trial court erred in admitting T.M.'s deposition testimony in lieu of her in-court testimony because it violated his confrontation rights under the Sixth Amendment of the United States Constitution. Guy argues that he was denied the opportunity to test T.M.'s recollection of the alleged molestation and have the jury observe her demeanor under cross-examination.

■ The Six Amendment to the United States Constitution provides that "in all criminal prosecutions the accused shall enjoy the right ... to be confronted by witnesses against him." The Fourteenth Amendment makes this right of confrontation applicable to the states. *Pointer v. Texas*, 380 U.S. 400, 406, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The essential purpose of the Sixth Amendment right of confrontation is to insure that the defendant has the opportunity to cross-examine the witnesses against him. *Id.*

■ As a general rule, the deposition testimony of an unavailable witness offered in court to prove the truth of the matter asserted represents classic hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). A statement is not hearsay if offered for another purpose. *Bufkin v. State*, 700 N.E.2d 1147, 1150 (Ind.1998). Hearsay evidence is inadmissible pursuant to Evidence Rule 802 unless it fits within a few well-delineated exceptions. *Miller v. State*, 575 N.E.2d 272, 274 (Ind.1991). Furthermore, hearsay is excluded from judicial proceedings because "its admission defeats the criminal defendant's right to confront and cross-examine witnesses against him." *Williams v. State*, 544 N.E.2d 161, 162 (Ind.1989).

■ In the present case, defense counsel deposed T.M. on February 17, 2000. Guy's jury trial commenced on November 20, 2000. Prior to the presentation of the State's case-in-chief, the State informed the trial court that several days earlier, T.M. had become emotionally upset and unresponsive to questioning during pretrial preparation. In addition, the State informed the trial court that T.M. was presently emotionally upset, crying, screaming, and unwilling to be separated from her mother. The State requested that the trial court find the child unavailable and admit her deposition testimony under Indiana Evidence Rule 804.

The trial court initially refused this request by the State. The trial court advised the State to call T.M. as its first witness in order to evaluate her emotional stability prior to the presentation of the State's additional witnesses. However, in an attempt to place T.M. at ease, the trial court allowed the child advocate and a detective to be in the courtroom during T.M.'s examination.

Out of the presence of the jury, the State called T.M. to the stand as its first witness. T.M. initially refused to sit down on the stand and requested her mother. After the State cajoled T.M. to sit down, she continued to cry and ask for her mother. Despite the State's and the trial court's efforts to calm T.M., she continued to be upset and unresponsive to the State's questions. In fact, T.M. informed the State that she did not want to answer any questions posed to her. The trial court explained to T.M. that she had been subpoenaed and that she was required by law to answer the State's questions. T.M., hysterical and emotionally upset, rose from her seat and continued to ask for her mother. T.M. refused to testify despite the trial court's additional order to the child to answer the State's questions.

Consequently, the trial court excused T.M. from the stand and ordered that her deposition testimony be admitted in lieu of her live testimony pursuant to Indiana Evidence Rule 804. However, the trial court advised the jury that the deposition testimony was being admitted because T.M. refused to testify at trial.

■ Indiana Evidence Rule 804 provides in pertinent part that:

(a) "Unavailability as a witness" includes situations in which the declarant * * *

(2) persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so; . . . .

* * *

(b) The following are not excluded by the hearsay rule if the declarant is unavailable as a witness.

(1) Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Our supreme court has provided that the decision whether to admit former testimony of an unavailable witness rests within the trial court's discretion. *See Stidham v. State,* 637 N.E.2d 140, 143 (Ind.1994). Prior recorded testimony may be admitted if the trial court finds that: (1) the testimony was given under oath at a prior judicial proceeding; (2) the party against

whom the testimony is offered had the opportunity to cross-examine the witness at the prior proceeding; and (3) the witness is unavailable at the time of the later proceeding. *Id.*

The former testimony was given under oath at a deposition conducted by Guy's defense counsel,[2] not the State. The deposition concerned the same parties and issues that were present at trial. Further, Guy's defense counsel was fully able to and did effectively question T.M. during the deposition. In addition, defense counsel had a similar motive to question T.M. as existed at trial. Although Guy himself was not present during the deposition, his counsel surely protected his interests by questioning T.M. about the molestation. Specifically, defense counsel asked T.M. if her step-father molested her during the time Guy lived at her home, to which she replied "yes." Thereafter, defense counsel asked T.M. during the deposition if she was mistaken about Guy, that in fact her step-father was the only one who molested her. Ex. 20. We fail to see how Guy's absence from the deposition impinged on his Sixth Amendment right of confrontation considering the effective examination conducted by defense counsel.

■ In addition, T.M. was clearly unavailable to testify at trial. Upon taking the stand, T.M. became hysterical, repeatedly asking for her mother. She was unresponsive to both the trial court and the State, and refused to testify about the events of the molestation by Guy. A witness' refusal to testify renders her unavailable for purposes of using her prior testimony. *See Kellems v. State,* 651 N.E.2d 326, 328 (Ind.Ct.App.1995). Despite the trial court's order to T.M. to testify, T.M. rose from the stand and repeatedly asked

---

**2.** We note that the deposition was conducted by Guy's first defense counsel, Dennis W. Lopes. Guy's trial counsel was Carolyn Rader.

for her mother. It is apparent from the record that the State became aware of T.M.'s emotional state during pre-trial preparation several days before the State presented its case-in-chief. Therefore, we hold that T.M. was unavailable as a witness under Indiana Evidence Rule 804(a)(2).

■ Guy argues that the trial court's decision to admit T.M.'s deposition pursuant to Evidence Rule 804 contravened and undermined the "protected person" statute. The Indiana General Assembly created special procedures for introducing evidence that is "not otherwise admissible" in cases involving crimes against children. These procedures have been codified in Indiana Code section 35–37–4–6 which is known as the "protected person" statute. The Indiana Supreme Court has stated that the "goal of this statute is to reduce the child's emotional trauma caused by numerous court appearances." *Miller v. State*, 517 N.E.2d 64, 73 (Ind.1987). The "protected person" statute provides in pertinent part that:

(a) This section applies to a criminal action under the following:

(1) Sex crimes (IC 35–42–4).

* * *

(b) As used in this section, "protected person" means:

(1) a child who is less than fourteen (14) years of age. . . .

* * *

(c) A statement or videotape that:

(1) is made by a person who at the time of trial is a protected person;

(2) concerns an act that is a material element of an offense listed in subsection (a) that was allegedly committed against the person; and

(3) is not otherwise admissible in evidence;

is admissible in evidence in a criminal action for an offense listed in subsection (a) if the requirements of subsection (d) are met.

(d) A statement or videotape described in subsection (c) is admissible in evidence in a criminal action listed in subsection (a) if, after notice to the defendant of a hearing and of his right to be present, all of the following conditions are met:

(1) The court finds, in a hearing:

(A) conducted outside the presence of the jury; and

(B) attended by the protected person;

that the time, content, and circumstances of the statement or videotape provide sufficient indications of reliability.

(2) The protected person:

(A) testifies at the trial; or

(B) is found by the court to be unavailable as a witness for one (1) of the following reasons:

(i) From the testimony of a psychiatrist, physician, or psychologist, and other evidence, if any, the court finds that the protected person's testifying in the physical presence of the defendant will cause the protected person to suffer serious emotional distress such that the protected person cannot reasonably communicate.

(ii) The protected person cannot participate in the trial for medical reasons.

(iii) The court has determined that the protected person is incapable of understanding the nature and obligation of an oath.

(e) If a protected person is unavailable to testify at the trial for a reason listed in subsection (d)(2)(B), a statement or

videotape may be admitted in evidence under this section only if the protected person was available for cross-examination:

(1) at the hearing described in subsection (d)(1); or

(2) when the statement or videotape was made.

(f) A statement or videotape may not be admitted in evidence under this section unless the prosecuting attorney informs the defendant and the defendant's attorney at least ten (10) days before the trial of:

(1) his intention to introduce the statement or videotape in evidence; and

(2) the content of the statement or videotape.

(g) If a statement or videotape is admitted in evidence under this section, the court shall instruct the jury that it is for the jury to determine the weight and credit to be given the statement or videotape and that, in making that determination, the jury shall consider the following:

(1) The mental and physical age of the person making the statement or videotape.

(2) The nature of the statement or videotape.

(3) The circumstances under which the statement or videotape was made.

(4) Other relevant factors.

Ind.Code § 35–37–4–6.

Here, the deposition testimony of T.M. was procured by Guy, not the State, pursuant to a motion under the "protected person" statute. Furthermore, it is evident from the record that T.M.'s unwillingness to testify did not become known to the State until T.M. took the stand on the first day of trial. Although there were indications during the State's pre-trial prepara-

tion that T.M. might be emotionally unstable, the child apparently answered the State's questions without much incident at the hearing conducted on May 12, 2000. Realizing the value of her in-court testimony, the State made a tactical decision to call T.M. to the stand to testify at trial. However, T.M.'s emotional state at trial and her refusal to testify rendered the State's effort fruitless. Based upon the facts and circumstances of this case, we do not believe that the trial court's admission of T.M.'s deposition testimony at this stage of Guy's criminal proceeding undermined the legislative purpose or flew in opposition to the "protected person" statute.

Accordingly, the trial court properly admitted into evidence T.M.'s deposition testimony.

## II. Sufficiency of the Evidence

Guy also contends that there was insufficient evidence to support his conviction for child molesting, a Class A felony. We disagree.

### A. Standard of Review

Our standard of review when considering the sufficiency of evidence is well settled. We will not reweigh the evidence or consider the credibility of witnesses. *Weaver v. State*, 702 N.E.2d 750, 752–53 (Ind.Ct.App.1998). Only the evidence most favorable to the verdict, together with all reasonable inferences that can be drawn therefrom will be considered. *Id.* If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed. *Id.*

### B. Crime of Child Molestation

Indiana Code section 35–42–4–3 provides that:

(a) A person who, with a child under fourteen (14) years of age, performs or

submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if:

> (1) is committed by a person at least twenty-one (21) years of age....

Although this statute does not so state, criminal intent is an element of the crime of child molesting. *Butcher v. State,* 627 N.E.2d 855, 860 (Ind.Ct.App.1994).

 T.M. testified at the deposition that Guy asked her to accompany him to the basement of her home because "he wanted to play nasty." Ex. 16. T.M. further testified that after she followed Guy to the basement, Guy unzipped her pants and laid her down on a couch. T.M. testified that Guy then placed his hands on her "private parts." Ex. 13. In addition, T.M. testified that Guy placed his penis "in my private." *Id.* A victim's testimony, even if uncorroborated, is ordinarily sufficient to sustain a conviction for child molesting. *Bowles v. State,* 737 N.E.2d 1150, 1152 (Ind.2000). Furthermore, T.M.'s mother testified at trial that Guy continuously called her daughter his girlfriend. In addition, there is no dispute that Guy was over twenty-one (21) years of age during the time he molested T.M.

 Guy argues that the doctrine of incredible dubiosity should apply to the present case. The above standard of review notwithstanding, our supreme court has repeatedly held that a reviewing court may impinge upon the fact finder's resolution of credibility issues when confronted with testimony of "inherent improbability," or coerced, equivocal, wholly uncorroborated testimony of "incredible dubiosity." *Webster v. State,* 699 N.E.2d 266, 268 (Ind. 1998); *Lott v. State,* 690 N.E.2d 204, 208 (Ind.1997). If we are confronted with a situation where a sole witness presents inherently contradictory testimony which is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the defendant's guilt, then we may find that no reasonable person could believe the testimony, and we may reverse the trial court's decision. *Sisson v. State,* 710 N.E.2d 203, 206 (Ind.Ct.App.1999), *trans. denied.* After reviewing T.M.'s deposition and her videotaped statement to Detective Graban, we do not agree with Guy that her testimony was improbable or inherently contradictory.

Therefore, we hold that there was sufficient evidence to support Guy's conviction for child molestation, a Class A felony.

### III. Prosecutorial Misconduct

 Guy contends that the deputy prosecutor's closing remarks constituted reversible error. We disagree.

During closing statements, the deputy prosecutor made the following remark to the jury:

> It all comes down to whether you believe that statement [T.M.] gave. And as further credibility, I ask you to consider her behavior in the courtroom. And the fact that she was clearly able to talk about this in that deposition. It was hard for her to do, and at times she needed a break. But, the fact that when she has to see him, she can't even sit down in a chair and obey the Court's order. That has to say something about her legitimate—.

R. 132. Guy objected on the basis that the jury never saw T.M. take the stand and testify. The trial court sustained the objection, and informed the jury to disregard the deputy prosecutor's last remark. Furthermore, the trial court informed the jury that "I would remind you that the evidence you heard came from this witness stand[,] it does not come from counsel." R. 133. Thereafter, the deputy prosecutor made the following remark to the jury:

And I just [want to] remind you that in that deposition, she was able to clearly state what had happened to her, and that [is] what it comes down to. Do you believe the words that you read in that deposition regardless of what you heard from the witness stand? It's all testimony. It all has the same weight. It all has the same admissibility.

*Id.* Guy argues that this second remark was improper, that the intended import of the deputy prosecutor's comment was to have the jury feel pity for T.M. Guy further argues that in all probability, the jury felt great sympathy for T.M. and accepted the deputy prosecutor's remark as an explanation of her absence and gave the jury a reason to credit her deposition testimony.

However, Guy did not object or request a mistrial after this remark was made by the deputy prosecutor. The correct procedure to be employed when the prosecutor makes an improper argument is to request that the trial court admonish the jury and, if further relief is desired, to request a mistrial. *Isaacs v. State,* 673 N.E.2d 757, 763 (Ind.1996). The failure to request an admonishment or move for a mistrial results in waiver. *Id.* To overcome waiver under these circumstances, the defendant must demonstrate fundamental error. *Id.* Fundamental error is error so prejudicial that it amounts to a denial of fundamental due process. *State v. Winters,* 678 N.E.2d 405, 410 (Ind.Ct. App.1997). Fundamental error must be of such magnitude to persuade the reviewing court that the defendant could not possibly have received a fair trial or that the verdict is clearly wrong or of such dubious validity that justice cannot permit it to stand. *Id.*

A successful claim of prosecutorial misconduct requires a determination that there was misconduct by the prosecutor which had a probable persuasive effect on the jury's decision. *Cox v. State,* 696 N.E.2d 853, 859 (Ind.1998) ("grave peril" test abandoned as superfluous). The degree of impropriety of the conduct is irrelevant. *Id.* Further, a timely admonition may cure prejudice resulting from prosecutorial misconduct. *See DeBerry v. State,* 659 N.E.2d 665, 669 (Ind.Ct.App.1995).

Regarding the deputy prosecutor's first improper comment to which Guy lodged an objection, the trial court's admonishment to the jury cured any prejudice from the comment. Regarding the second remark, our supreme court has provided that a trial court's jury instructions are presumed to cure any improper statements made during trial. *Fox v. State,* 520 N.E.2d 429, 431 (Ind.1988). The trial court instructed the jury as follows:

> Testimony of witnesses or other evidence which has been stricken or to which an objection has been sustained, the remarks of counsel in opening statement, during trial, or in final arguments, or the remarks of the Court should not be considered by you as evidence in this case. Neither should outside considerations in any way affect your determination of any issue in the case, but such determinations must be based solely on the evidence duly admitted during the course of the trial.

Appellant's Appendix at 140. Further, upon Guy's request, the jury was informed that the deposition testimony was admitted because T.M. refused to testify at trial.

Accordingly, we hold that even if the deputy prosecutor's closing remarks were improper, it was not probable that the remarks had a persuasive effect on the jury's decision. Therefore, we find no reversible error.

*Conclusion*

Based on the foregoing, we hold that the trial court properly admitted into evidence T.M.'s deposition testimony. In addition, we hold that the there was sufficient evidence to support Guy's conviction for child molesting, a Class A felony. Furthermore, we hold that the deputy prosecutor's closing remarks did not constitute reversible error.

Affirmed.

FRIEDLANDER, J., concurs.

BAKER, J., concurs in result with opinion.

BAKER, Judge, concurring in result.

While I can agree that there was no error under the circumstances presented here, the record shows that the basis of Guy's argument is that the admission of the deposition testimony "denies Mr. Guy the right to confrontation and cross examination pursuant to the Sixth Amendment of the U.S. Constitution, the Thirteenth of the Indiana State Constitution." Record at 34; *see also* appellant's brief at 20–21. While I have no quarrel with the majority's application of our Rules of Evidence and IND. CODE § 35–37–4–6, the "Protected Person" Statute, it is my belief that the majority's discussion of those concepts is unwarranted, inasmuch as Guy has waived the argument that his right of confrontation was violated.

I fully embrace the notion that the essential purpose of the Sixth Amendment right of confrontation is to insure that the defendant has the opportunity to cross-examine witnesses against him. *See Jackson v. State*, 735 N.E.2d 1146, 1150 (Ind. 2000). However, in accordance with our supreme court's opinion in *State v. Ow-*

*ings*, 622 N.E.2d 948, 952 (Ind.1993), the defendant may waive that right. Specifically, "where there is no showing in the record that a defendant is unable to attend a deposition and he makes no objection to it proceeding, the defendant waives his right of confrontation even if the witness is unable to testify at trial." *Id.* (citation omitted). Moreover, "[w]here defense counsel takes the deposition and actively participates in it, defendant is deemed to have waived his right of confrontation at trial." *Id.*

This is not a case where a defendant has never been afforded the opportunity to confront the complaining witness. As the majority aptly notes, it was Guy's counsel, and not the prosecutor, who deposed T.M. Defense counsel vigorously questioned T.M., and asked her whether she could have been mistaken about Guy being the individual who molested her. He asked T.M. precise questions about what had occurred, who had committed the acts, and whether she was positive that Guy was the perpetrator. Moreover, the only comment made by Guy's counsel following her objection to the deposition testimony with respect to Guy's attendance was that "Guy was not present at the deposition." R. at 34. No further explanation was offered. Given these circumstances, it is my view that Guy has waived the argument that he was denied the right to confrontation. In all other respects, I fully concur with the result and reasoning espoused by the majority.