Jason K. RHEA, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0310–CR–929.

Court of Appeals of Indiana.

Sept. 15, 2004.

Victoria Ursulskis, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Chief Judge.

Following retrial, Jason K. Rhea appeals his conviction for conspiracy to commit robbery as a Class A felony.[1] On appeal, he raises four issues for review, one of which we find dispositive: whether the trial court abused its discretion during Rhea's second trial by admitting a transcript of testimony given by a witness at the first trial, after declaring that witness unavailable to testify.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

In an information dated January 8, 1999, the State charged Rhea with two counts of murder, and one count each of robbery, conspiracy to commit robbery, burglary, auto theft, and carrying a handgun without a license. Kevin Sadler was charged by the same information with all but the latter two crimes.

---

1. *See* IC 35–41–5–2; IC 35–42–5–1.

In exchange for a reduced sentence, Sadler testified against Rhea. Although Rhea attempted to cross-examine Sadler concerning the deal he had made with the State and any bias it may have created, the trial court denied Rhea the ability to question Sadler on this subject. The jury found Rhea guilty of auto theft, carrying a handgun without a license, and conspiracy to commit robbery, and acquitted him of the other counts.

Rhea appealed his convictions and argued that his constitutional right to confront Sadler was violated when the trial court limited his ability to cross-examine Sadler regarding the benefit he received from the plea agreement. In evaluating Rhea's claim, we recognized:

> A criminal defendant's Sixth Amendment right to confront witnesses is subject to reasonable limitations at the discretion of the trial court to address concerns about harassment, prejudice, confusion[,] or interrogation on issues only marginally relevant. Trial courts have wide discretion to determine the scope of cross-examination, and will reverse only for a clear abuse of that discretion. A trial court abuses its discretion in controlling the scope of cross-examination when the restriction relates to a matter that substantially affects the defendant's rights.

*Rhea v. State*, No.49A02-0106-CR-369, slip op. at 5, 766 N.E.2d 459 (Ind.Ct.App., March 28, 2002) (citations omitted). We further noted, "any beneficial agreement between an accomplice and the State must be revealed to the jury." *Id.* (citing *Morrison v. State*, 686 N.E.2d 817, 818 (Ind. 1997)). It is insufficient to merely disclose the existence of a beneficial agreement. Instead, to understand the weight and credibility of a witness's testimony, the extent of the benefit offered to the witness is relevant. *Id.*

In *Rhea,* we concluded that the trial court abused it discretion in limiting Rhea's cross-examination of Sadler. *Id.* at 6. As to the convictions for auto theft and carrying a handgun without a license, we found the error was harmless and affirmed those convictions. *Id.* at 7. By contrast, because Sadler was the only witness with evidence supporting Rhea's conviction for conspiracy to commit robbery, we found the trial court's error was not harmless and reversed Rhea's conviction on that count.

Subsequently, the State retried Rhea on the conspiracy to commit robbery count. At the last minute, Sadler refused to testify against Rhea, and the trial court declared him to be "unavailable." *Transcript* at 304. The trial court, acknowledging its error from the first trial, attempted to remedy the error by admitting into evidence Sadler's testimony from the first trial and by providing the jury with information concerning the penalties Sadler would have faced without the plea agreement with the State. Once again, a jury found Rhea guilty of conspiracy to commit robbery. Rhea now appeals.

## DISCUSSION AND DECISION

Rhea asserts that the trial court abused its discretion by admitting into evidence Sadler's testimony from the first trial on the basis that Sadler was unavailable.

■ As a general rule, the prior testimony of a witness offered in court to prove the truth of the matter asserted represents classic hearsay. *Guy v. State,* 755 N.E.2d 248, 253 (Ind.Ct.App.2001), *trans. denied* (2002). Pursuant to Indiana Evidence Rules 802 and 803, hearsay is inadmissible unless it fits within a few well-delineated exceptions. *Id.* One such exception is when the witness is unavailable, the testimony offered was given by the

witness at a former hearing of the same proceeding, and the witness had an opportunity to develop the testimony by direct, cross, or redirect examination. Ind. Evidence Rule 804(b)(1). Phrased differently, our court has noted that:

> Prior recorded testimony may be admitted if the trial court finds that: (1) the testimony was given under oath at a prior judicial proceeding; (2) the party against whom the testimony is offered had the opportunity to cross-examine the witness at the prior proceeding; and (3) the witness is unavailable at the time of the later proceeding.

*Guy,* 755 N.E.2d at 254.

Our courts have held that the decision whether to admit former testimony of an unavailable witness is within the discretion of the trial court. *Id.* (citing *Stidham v. State,* 637 N.E.2d 140, 143 (Ind.1994)). Without deciding, we assume that the trial court was correct in finding Sadler unavailable to testify at Rhea's second trial. Therefore, we focus on the question of whether Sadler's testimony falls within a hearsay exception because Rhea had an opportunity at the first trial to develop the testimony by direct, cross, or redirect examination.

Here, the trial court was presented with a dilemma, and attempted to deal with it in a creative way. During Rhea's first appeal, we determined that the trial court abused its discretion when it limited the cross-examination of Sadler regarding the specific number of years of imprisonment he avoided by cooperating with the State. Before retrial, Sadler refused to testify against Rhea. In an effort both to allow the State to retry Rhea and to remedy its former error of limiting the cross-examination of Sadler, the trial court declared Sadler unavailable, allowed in his prior testimony, and informed the jury about the penalties Sadler would have faced without his plea agreement.

■ While the trial court pursued a novel approach to the thorny problem of Sadler's refusal to testify, Sadler's testimony was improperly admitted as a hearsay exception. As noted above, for prior testimony to be admitted under a hearsay exception, the testimony must have been given under oath at a prior judicial proceeding; the party against whom the testimony is offered had to have had the opportunity to cross-examine the witness at the prior proceeding; and the witness is unavailable at the time of the later proceeding. While Sadler was under oath at Rhea's first trial, and found to be unavailable at his second, our court determined in Rhea's first appeal that Rhea did not have a sufficient opportunity to cross-examine Sadler; therefore, Sadler's testimony was not admissible at Rhea's second trial.

We appreciate the balancing process the trial court undertook to try to preserve the rights of each party. Nevertheless we find it was error for the trial court to allow the transcript of Sadler's testimony from Rhea's first trial to be admitted at his second trial.

■ In the first appeal, our court concluded that, notwithstanding the error of the trial court, the State presented evidence that Rhea agreed with Sadler to commit the robbery sufficient to support the conspiracy conviction. *Rhea,* slip op. at 8. Therefore, retrial with respect to the conspiracy charge is not barred. *Id.*

Reversed and remanded.

BAKER, J., and ROBB, J., concur.