Timothy L. **JOHNSON**, Appellant–Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 49A02–0701–CR–28.

Court of Appeals of Indiana.

Jan. 3, 2008.

Publication Ordered Jan. 30, 2008.

Transfer Denied April 18, 2008.

Ashley T. Hinder, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ann L. Goodwin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION

DARDEN, Judge.

*STATEMENT OF THE CASE*

Timothy L. Johnson appeals his conviction, after a bench trial, of battery on a child, as a class D felony.

We affirm.

## ISSUE [1]

Whether the trial court committed fundamental error by allowing hearsay testimony to be admitted against the defendant.

## FACTS

The evidence most favorable to the conviction is as follows. On February 18, 2006, the victim, U.H., an 11–year–old child, was at home with his sister, B.V., and Timothy L. Johnson. Johnson was the boyfriend of U.H.'s mother, Shala Perkins. U.H. and his sister were arguing and had fought in her bedroom, resulting in U.H. striking her. Johnson, upon hearing the two siblings fight, entered the bedroom and dragged U.H. out of B.V.'s bedroom into U.H.'s bedroom. Johnson then choked and punched U.H. in the face. As a result of the beating, U.H. sustained a laceration to his lower lip, as well as a bloody nose.

After being beaten, U.H. went into his sister's bedroom, stated that he planned to leave and pleaded with her to join him. B.V. refused. U.H. then ran from the house to a local church. Upon entering the church, U.H. met Mary Jo Dannenbrink who was working at the church. Dannenbrink cleaned the blood from U.H.'s face and inquired as to who was responsible for his injuries.

I asked him if some kids had done this because I thought perhaps someone in the neighborhood had ganged up on him, which happens occasionally. He said "no," he said his step-father [sic] had done this.

(Tr. 26).

Dannenbrink called another church employee, Connie Griffith, and requested that she contact the police. Soon thereafter, Officer Jeff Sequin of the Indianapolis Police Department, along with EMS personnel arrived to investigate the incident, as well as treat U.H. Officer Sequin then proceeded to Johnson's residence, questioned him about the incident and, subsequently, placed Johnson under arrest for felony battery.

On February 21, 2006, the State charged Johnson with battery on a child as a Class D felony. The State filed its Notice of Intent to Introduce Statement Pursuant to the "protected person" statute, Indiana Code Section 35–37–4–6, with regard to the statement made by Dannenbrink regarding U.H.'s statement that Johnson was responsible for his injuries. A hearing on the State's Notice was held on June 19, 2006. On July 17 and July 31, 2006, a bench trial was held and the court found Johnson guilty of the charge. On October 16, 2006, Johnson was sentenced to 545 days with 533 days suspended.

---

1. In his Appellate Brief, Johnson also asserted that his

> conviction for Battery as a Class D Felony should be reversed, as the State did not present sufficient evidence on an essential element of the crime with which Mr. Johnson was charged, battery on a child (with injury), as defined under Indiana Code § 35–42–2–1. Specifically, the State did not present any evidence at trial that Mr. Johnson was "a person at least eighteen (18) years of age" at the time of the event alleged within the charging information.

Johnson's Br. at 1. However, in his Reply, Johnson "concedes" that as "Counsel for the State correctly point[ed] out," Johnson had testified at trial that he was "thirty-four" years of age. (Reply at 1 n. 1; Tr. 76). Therefore, given this admission and that his argument was premised solely on whether the age element was established, we do not address the sufficiency of the evidence to support his conviction.

## DECISION

### 1. *Standard of Review*

The decision to admit or exclude evidence is within a trial court's sound discretion and is afforded great deference on appeal. We will not reverse the trial court's decision unless it represents a manifest abuse of discretion that results in the denial of a fair trial. An abuse of discretion in this context occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or it misinterprets the law. *Carpenter v. State*, 786 N.E.2d 696, 702–03 (Ind.2003). The protected person statute impinges upon the ordinary evidentiary regime such that we believe a trial court's responsibilities therein carry with them what we recently called in another context "a special level of judicial responsibility." *Cox v. State*, 706 N.E.2d 547, 551 (Ind.1999).

### 2. *Dannenbrink Statement*

The parties dispute whether the statements of Mary Jo Dannenbrink are admissible pursuant to a hearsay exception. However, we must first determine whether the Dannenbrink statement constituted hearsay before deciding that an exception applies. *See, Jones v. State*, 800 N.E.2d 624, 627 (Ind.Ct.App.2003).

Indiana Rule of Evidence 801 states that hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Ind. Evidence Rule 801(c). Hearsay evidence is generally inadmissible absent evidence that the statement is subject to one of the statutory exceptions under Indiana Rule of Evidence 803. *Guy v. State*, 755 N.E.2d 248, 253 (Ind.Ct.App. 2001) (Citing, *Miller v. State*, 575 N.E.2d 272, 274 (Ind.1991)). A statement is offered to prove the truth of the matter when it is introduced to prove an element of the crime charged. *Id.* Hearsay is generally excluded because it prohibits a defendant's right to cross-examine witnesses against him. *Id.* (quoting *Williams v. State*, 544 N.E.2d 161, 162 (Ind.1989)).

In this case and during trial, on direct examination by the State, Dannenbrink was questioned about the circumstances surrounding her encounter with U.H. Dannenbrink stated that U.H. had told her that it was his stepfather, Johnson, who was responsible for his injuries. There could be little argument that this statement constitutes hearsay evidence because the State elicited the testimony to show that Johnson was the perpetrator.

However, despite that Dannenbrink's statement is hearsay, the State contends that the statement is admissible pursuant to the "protected person" exception. Specifically, the State relies on Indiana Code § 35–37–4–6(c)(1)(e), which lays the foundation for the applicability of the exception.

(d) A statement or videotape that:

(1) is made by a person who at the time of trial is a protected person;

(2) concerns an act that is a material element of an offense listed in subsection (a) or (b) that was allegedly committed against the person; and

(3) is not otherwise admissible in evidence;

is admissible in evidence in a criminal action for an offense listed in subsection (a) or (b) if the requirements of subsection (e) are met.

(e) A statement or videotape described in subsection (d) is admissible in evidence in a criminal action listed in subsection (a) or (b) if, after notice to the defendant of a hearing and of the defen-

dant's right to be present, all of the following conditions are met:

(1) The court finds, in a hearing:

(A) conducted outside the presence of the jury; and

(B) attended by the protected person;

that the time, content, and circumstances of the statement or videotape provide sufficient indications of reliability.

(2) The protected person:

(A) testifies at the trial; or

(B) is found by the court to be unavailable as a witness for one (1) of the following reasons:

(i) From the testimony of a psychiatrist, physician, or psychologist, and other evidence, if any, the court finds that the protected person's testifying in the physical presence of the defendant will cause the protected person to suffer serious emotional distress such that the protected person cannot reasonably communicate.

(ii) The protected person cannot participate in the trial for medical reasons.

(iii) The court has determined that the protected person is incapable of understanding the nature and obligation of an oath.

The "protected person" exception to the hearsay rule was crafted by the Indiana General Assembly to allow evidence that would be otherwise inadmissible. *Guy v. State*, 755 N.E.2d 248, 255 (Ind.Ct.App. 2001). Our Supreme Court has stated that the purpose of enacting this statute was to "reduce the child's emotional trauma caused by numerous court appearances." *Miller v. State*, 517 N.E.2d 64, 73 (Ind. 1987).

We begin our analysis by first determining whether this exception applies by examining whether the statement at issue is one made by a protected person. Ind. Code § 35–37–4–6(d)(1). Section (c)(1) further defines protected person to include a child who is less than 14 years-old. I.C. § 35–37–4–6(c)(1). The victim, U.H., in this case testified at trial that he was 11 years-old; therefore, this element of the statute is met.

Another requirement of the statute is that a hearing must be conducted outside the presence of the jury and that the trial court must find that the hearsay statement is sufficiently reliable.[2] I.C. § 35–37–4–6(e)(1). The Indiana Supreme Court has articulated factors that a court may consider in determining the reliability of a statement being offered at trial. Those factors include:

1) Time and circumstances of the statement,

2) Whether there was opportunity for coaching,

3) Whether there was a motive to fabricate,

4) Use of age-appropriate terminology,

5) Spontaneity, and

6) Repetition.

*Pierce v. State*, 677 N.E.2d 39, 44 (Ind. 1997) (citing *Idaho v. Wright*, 497 U.S. 805, 821–22, 110 S.Ct. 3139, 111 L.Ed.2d 638(1990)).

If we consider the factors articulated in *Pierce*, we find that with regard to motivation to fabricate the testimony, U.H.'s mother, Perkins testified that she found her son to be truthful about "twenty percent of the time." (Tr. 56). However, *Pierce* requires an analysis of the circumstances surrounding the utterance of the

---

2. We note that references are made in the trial transcript to a "child hearsay hearing"; however, no transcript of that healing was included. We will therefore presume that a proper hearing was held within the statute's ambit.

statement, not the general truthfulness of the declarant.

In this case, U.H.'s statement implicating Johnson occurred moments after the battery took place. He testified at trial that after he had been kicked and punched, and that he immediately ran out of the residence. He further stated that he ran for "at least six minutes" before he reached the church where Dannenbrink was working that day. (Tr. 16). We note that, other than stopping briefly to speak to a friend, there was little opportunity for the victim to have been coached in his statement.

Given the circumstances of the statement in addition to the short period between the incident and the conversation with Dannenbrink, we find that the victim's statement identifying Johnson as the perpetrator is sufficiently reliable to meet the requirements of the "protected person" exception.

We also note that, in general, one of the requirements for admitting the statement that the protected person must testify at trial. I.C. § 35–37–4–6(e)(2)(A). This requirement has been interpreted to be consistent with protecting a defendant's right to cross-examine the witnesses brought to testify against him. *See e.g., Mason v. State*, 689 N.E.2d 1233, 1236 (Ind.Ct.App. 1997) (holding that police officer's testimony about informant's tips to police were hearsay because it prevented defendant from cross-examining informant); *See also, Holliday v. State*, 601 N.E.2d 385, 388 (Ind.Ct.App.1992) (holding that informant's tips to police did not violate right to confront and cross-examine witnesses because defendant was not being tried for crimes arising from those tips). Here, we note that U.H. was present and testified at trial. Thus, Johnson would have been able to effectively cross-examine U.H. and challenge the credibility of his statements made to Dannenbrink. We therefore find that the trial court properly admitted the testimony of Dannenbrink, pursuant to the "protected person" exception and as such, had not committed fundamental error.[3]

Affirmed.

CRONE, J., concurs.

MAY, J., concurs in result with separate opinion.

MAY, Judge, concurring in result with opinion.

I write separately because I am able to concur in result only.

The State failed to supplement the record to include the transcript of the pretrial "protected person" hearing. Without that transcript, or a trial court order containing findings and conclusions based on the evidence presented at that hearing, I would not "presume that a proper hearing was held within the statute's ambit," Op. at 13 n. 2, while also conducting an "analysis [of] whether this [statutory] exception applies." *Id.* at 13. Rather, I would decline the State's invitation to find the testimony admissible under Ind.Code § 35–37–4–6.

Nevertheless, I would affirm the judgment of the trial court by holding U.H.'s statement to Dannenbrink was admissible hearsay as an excited utterance. Ind. Evidence Rule 803(2) ("A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is not excluded by the hearsay rule.). At trial, U.H. testified he left his residence after Johnson punched and kicked him:

First, I ran to my friend's house to see if he could do something and he told me to run to the policeman's door and the

---

**3.** Johnson's reply brief concedes that the State proved that he was 34 years-old at trial. Therefore, we need not address Johnson's original sufficiency of the evidence argument.

police wasn't there so I started running and I just turned corners because I thought [Johnson] was chasing me.... So I kept running and turning corners and I finally saw the parking lot with a church on it and I ran into it.

(Tr. at 15.) That is when U.H. encountered Dannenbrink. Dannenbrink testified when she first saw U.H., "he was crying and he was hurt. He was bloody." (*Id.* at 25.) He had "fresh" blood on his shirt, and he still had blood coming from his nose and mouth. (*Id.* at 26.) Upon finding U.H., Dannenbrink asked him if he needed help, what had happened, and who hurt him. U.H.'s answer to Dannenbrink's third question is the statement Johnson wished to bar from admission. Because U.H. was still under the stress of the excitement caused by the event, I would hold his statement was admissible as an excited utterance. Therefore, I concur in result.

### ORDER

On January 3, 2008, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellee, by counsel, has filed a Verified Motion for Publication of Memorandum Decision.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellee's Verified Motion to Publication of Memorandum Decision is GRANTED and this Court's opinion heretofore handed down in this cause on January 3, 2008, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

DARDEN, MAY, and CRONE, JJ., concur.