## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 30 2020, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Marielena Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joshua Andrew Jones,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 30, 2020

Court of Appeals Case No.
20A-CR-1108

Appeal from the St Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

Trial Court Cause No.
71D02-1907-F6-759

**Tavitas, Judge.**

# Case Summary

Joshua Andrew Jones appeals his conviction for domestic battery, a Class A misdemeanor. We affirm.

# Issue

Jones raises a single issue on appeal—namely, whether prosecutorial misconduct warrants the reversal of his conviction.

# Facts

On the evening of July 21, 2019, Jones and his then-girlfriend, Samantha Pohl, met Marc and Lisa McCoy at the Fire Rock restaurant in South Bend, Indiana. The couples socialized for approximately two hours, and Pohl drank heavily. Jones and Pohl subsequently returned to Jones' house, where they argued. The heated verbal argument spilled outside the house. At one point, Jones telephoned Pohl's brother,[1] who declined to pick Pohl up and drive her home.[2]

Pohl suffered a stroke fifteen years before the relevant period. The right side of Pohl's body is paralyzed, and she wears a leg brace. As a result, Pohl has impaired mobility. At the height of the argument, Pohl walked away from Jones' premises, which was a laborious task, given Pohl's disability. As Pohl walked away from Jones, Jones "pushed [Pohl] down a lot." Tr. Vol. II p. 21.

---

[1] Pohl's brother, whose surname does not appear in the record, is also named Marc.

[2] Pohl does not drive.

In all, Jones pushed Pohl down at least four times. In an alley near Jones' house, Jones again shoved Pohl to the ground. Jones then climbed on top of Pohl, yanked a necklace from her throat, and struck her repeatedly. Pohl screamed for help, cried, and urinated on herself during the attack.

[5]     From a nearby house, two teenagers "hear[d] yelling and screaming" and decided to investigate. *Id*. at 87. In an alley near Jones' house, the teenagers saw Jones repeatedly "hitting [Pohl] with both hands" and "throwing her on the ground[.]" *Id*. at 90, 111. The teenagers alerted Corporal Dan Banicki of the St. Joseph County Police Department, who lived nearby. Corporal Banicki called for backup and responded to the scene.

[6]     On July 26, 2019, the State charged Jones with domestic battery, a Class A misdemeanor, and strangulation, a Level 6 felony. The trial court held Jones' jury trial on February 27 and 28, 2020. In preliminary instructions to the jury, the trial court repeatedly advised that the State bore the burden of proof regarding the charged offenses. The trial court also instructed the jury as follows:

> Under the law of the State of Indiana, a person charged with a crime is presumed to be innocent. To overcome this presumption of innocence, the State must prove the defendant guilty of each essential element of the crime or crimes charged beyond a reasonable doubt. This presumption of innocence continues in favor of the defendant throughout the trial. You should fit the evidence to the presumption the defendant is innocent if you can reasonably do so.

> *Because he is presumed to be innocent, the defendant is not required to present any evidence to prove his innocence or to provide any explanation.* If, at the end of the trial, you have reasonable doubt concerning the defendant's guilt as to any charge or charges, you must find him not guilty as to that charge or those charges.

*Id*. at 7 (emphasis added).

[7] Jones testified in his own defense. Most relevantly, Jones testified that: (1) Pohl drank to excess earlier in the evening and became aggressive; (2) Pohl made "two assaults on [Jones] and [a] third attempt"; and (3) Pohl's brother was on the phone with Jones during Pohl's "confrontation[s.]" *Id*. at 150, 152. On cross-examination of Jones, the following colloquy ensued:

> Q. Now, your friend Marc [McCoy] came yesterday specifically to testify about [Pohl]'s behavior before all this happened; is that right?
>
> A. Yes.
>
> Q. And is [Pohl's] brother going to testify next about the phone calls and her hollering?
>
> A. I don't understand the question.
>
> Q. Well, you testified that [Pohl's] brother was also a witness to things she said on the phone and –
>
> A. Absolutely, he was.
>
> Q. So is he testifying next?

A. Not that I'm aware of, unfortunately.

*Id.* at 154. Jones did not object to the State's line of questioning.

[8] At the close of the evidence, the trial court gave its final jury instructions, wherein the trial court reiterated that: (1) the State bore the burden of proof; (2) Jones "[wa]s presumed to be innocent"; and (3) Jones "[wa]s not required to present any evidence to prove his innocence or to provide any explanation." *Id.* at 180. The jury found Jones guilty of domestic battery and not guilty of strangulation. On May 20, 2020, the trial court imposed a one-year suspended sentence, ordered Jones to serve one year of probation, and maintained an existing no-contact order as to Pohl. Jones now appeals.

# Analysis

[9] Jones alleges that prosecutorial misconduct warrants the reversal of his conviction.

> In reviewing a claim of prosecutorial misconduct properly raised in the trial court, we determine (1) whether misconduct occurred, and if so, (2) "whether the misconduct, under all of the circumstances, placed the defendant in a position of grave peril to which he or she would not have been subjected" otherwise. A prosecutor has the duty to present a persuasive final argument and thus placing a defendant in grave peril, by itself, is not misconduct. "Whether a prosecutor's argument constitutes misconduct is measured by reference to case law and the Rules of Professional Conduct. The gravity of peril is measured by *the probable persuasive effect* of the misconduct *on the jury's decision* rather than the degree of impropriety of the conduct." To preserve a claim of prosecutorial misconduct, the defendant

> must—at the time the alleged misconduct occurs—request an admonishment to the jury, and if further relief is desired, move for a mistrial.

*Stettler v. State*, 70 N.E.3d 874, 881-82 (Ind. Ct. App. 2017) (quoting *Ryan v. State*, 9 N.E.3d 663, 667 (Ind. 2014)) (internal citations omitted). This issue is waived for Jones' failure to object below. *Washington v. State,* 902 N.E.2d 280, 290 (Ind. Ct. App. 2009) (holding that a defendant who fails to object to allegedly improper comments of a prosecutor fails to preserve any claim of prosecutorial misconduct for appellate review).

[10]  Jones attempts to circumvent waiver by alleging fundamental error. To constitute fundamental error, prosecutorial misconduct must constitute a clearly blatant violation of basic and elementary principles of due process, present an undeniable and substantial potential for harm, and make a fair trial impossible. *Lainhart v. State*, 916 N.E.2d 924, 931-32 (Ind. Ct. App. 2009).

[11]  Specifically, Jones argues that the prosecutor committed misconduct by commenting on Jones' failure to call Pohl's brother to testify on Jones' behalf. It is well-settled that "[i]t is improper for a prosecutor to suggest that a defendant shoulders the burden of proof in a criminal case." *Id.* at 936; *see also Wright v. State*, 690 N.E.2d 1098, 1112 ("It is . . . improper to suggest . . . that defendant has the burden of proof in a criminal case by inquiring in closing argument why the defendant did not call a witness to testify on his behalf.").

[12] Additionally, however, "Indiana cases have consistently held that a prosecutor's improper statements concerning a defendant's failure to present witnesses may be cured by the trial court advising the jury that the defendant was not required to prove his innocence or to present any evidence." *Lainhart,* 916 N.E.2d at 937; *see also Guy v. State,* 755 N.E.2d 248, 258 (Ind. Ct. App. 2001) (holding that jury instructions are presumed to cure any improper statements made during trial").

[13] In *Wright*, after a jury convicted Wright of felony murder, conspiracy to commit robbery, and criminal confinement, Wright argued on appeal, inter alia, that the prosecutor improperly commented on Wright's failure to call his girlfriend to testify. In acknowledging the prosecutor's error, our Supreme Court opined as follows:

> It is . . . improper to suggest, as the prosecutor did in this case, that defendant has the burden of proof in a criminal case by inquiring in closing argument why the defendant did not call a witness to testify on his behalf. *Nevertheless, here, the court had preliminarily instructed the jury that defendant was presumed innocent until proven guilty beyond a reasonable doubt, and that defendant was not required to present any evidence or prove his innocence. The court's final instructions again reminded the jury that the State has the burden of proving defendant guilty beyond a reasonable doubt.* In light of these instructions, the weight of the evidence, and the de minimis nature of this impropriety, the prosecutor's comment certainly did not place defendant in a position of grave peril.

*Wright,* 690 N.E.2d at 1112 (citations omitted), emphasis added. Our Supreme Court, thus, found that "reversal based on prosecutorial misconduct [wa]s not

warranted" because the trial court's instructions cured the error. *Id*. at 1111. Such is the case here.

[14] It was improper for the prosecutor to comment upon Jones' failure to call Pohl's brother to testify on Jones' behalf. The trial court, however, cured the prosecutor's improper statement through its jury instructions. *See Lainhart,* 916 N.E.2d at 937; *see also Wright*, 690 N.E.2d at 1112. Both preliminarily and in final instructions, the trial court admonished the jury that the burden of proof rested with the State to prove Jones' guilt beyond a reasonable doubt. Additionally, the trial court explicitly instructed the jury that Jones "[wa]s not required to present any evidence to prove his innocence or to provide any explanation." Tr. Vol. II pp. 7, 180. Based on the trial court's instructions that cured the improper comment and the weight of the evidence against Jones, we do not find that prosecutorial misconduct placed Jones in grave peril. Jones has, therefore, failed to establish fundamental error.

## Conclusion

[15] The trial court cured the prosecutor's improper comment during the trial, and reversal of Jones' conviction is not warranted. We affirm.

[16] Affirmed.

Kirsch, J., and Pyle, J., concur.